**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **FIREBLOK IP HOLDINGS, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:19-cv-50122** |
| **HILTI, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

**DEFENDANT HILTI, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE</u>**

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND .................................................................................1

        A.      The Texas Action ........................................................................................1

        B.      The Present Suit ..........................................................................................2

III.    ARGUMENT ...........................................................................................................2

        A.      FireBlok Has Failed to State A Claim For Which Relief Can Be
                Granted........................................................................................................2

                1.      Hilti Never Claimed That It Does Not Practice The '167
                        Patent...............................................................................................2

                2.      Hilti No Longer Alleges the Basis for FireBlok's
                        Claims. .............................................................................................3

        B.      The Texas Action is the Proper Venue for FireBlok's
                Compulsory Counterclaims. .......................................................................4

IV.     CONCLUSION........................................................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Board of Regents of the Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*,
    653 F.3d 448 (7th Cir. 2011) ................................................................................4, 5

*Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*,
    31 F.3d 445 (7th Cir. 1994) ......................................................................................6

*Greene v. United States Dep't of Educ.*,
    770 F.3d 667 (7th Cir. 2014) ....................................................................................6

**Statutes**

35 U.S.C. § 292 ................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 13(a) .......................................................................................................5

## I.    INTRODUCTION

FireBlok's causes of action require Hilti to have claimed its products do not practice FireBlok's patent. But Hilti made no such claim. Instead, Hilti alleged its products do not include an element from a patent claim that FireBlok does not even accuse. Moreover, Hilti will soon amend the pleading upon which FireBlok relies and remove the allegations underlying FireBlok's claims in this case. That pleading is active in a pending suit where FireBlok sued Hilti in the Eastern District of Texas, making the present causes of action compulsory counterclaims that should have been brought in the Texas Suit. FireBlok's claims thus both fail to state a claim upon which relief can be granted and were improperly filed in a separate suit. As such, these claims should be dismissed, or at the very least, transferred to the Eastern District of Texas.[1]

## II.    FACTUAL BACKGROUND

### A.    The Texas Action

FireBlok filed suit in the District Court for the Eastern District of Texas on January 23, 2019 (the "Texas Action"), asserting claims for infringement of U.S. Patent No. 6,252,167 (the "'167 Patent"). (*See* Dkt. No. 1 at ¶ 21.) On April 4, 2019, Hilti filed its Answer, Affirmative Defenses, and Counterclaims, denying infringement because it purchases the Firestop Box Insert under a patent license agreement. (*See* Dkt. No. 1-2.) In its Counterclaim for Declaration Regarding Non-Infringement, Hilti further alleged:

> 9. Hilti does not infringe at least claim 1 of the '167 Patent because, among other things, the Firestop Box Insert does not include an intumescent material applied to a support sized to cover a majority of an opening.

(*Id.* at 11, ¶ 9.)

---

[1] Hilti filed an opposed motion to extend its time to answer, which has not yet been ruled on. (Dkt. No. 9.) In an abundance of caution, Hilti is filing the present motion early.

FireBlok served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions on May 24, 2019, asserting only claim 21 of the '167 Patent. (Ex. A, FireBlok's Infringement Contentions.) The parties then participated in a Scheduling Conference on June 12, 2019. Recognizing that the lawsuit hinged on whether or not the accused products were licensed, the Texas Court delayed entering a full Docket Control Order and ordered the parties "to file any motions regarding the Licensing Defense, or the source of the accused products, by not later than November 1, 2019." (Ex. B, Order Setting Hearing.)

**B.   The Present Suit**

FireBlok filed the present suit on May 22, 2019, asserting four causes of action based on "Defendant['s] claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at II, paragraph 9, even though it marks its Firestop Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent." (Dkt. No. 1 at ¶¶ 25, 33, 40; *see also id.* at ¶¶ 23, 51, 53.) On June 26, 2019, Hilti requested FireBlok's consent to amend its answer and counterclaims in the Texas Action "to remove the allegations that Hilti does not practice the patent and therefore does not infringe." (Dkt. No. 11-1, Correspondence to FireBlok.) FireBlok responded that it "expect[s] to vigorously oppose any attempt by Hilti to substantively change its answer for the apparent purpose of gaming the judicial system." (*Id.*)

## III.   ARGUMENT

### A.   FireBlok Has Failed to State A Claim For Which Relief Can Be Granted.

#### 1.   Hilti Never Claimed That It Does Not Practice The '167 Patent.

Each of FireBlok's causes of action depend on the false allegation that "[i]n the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent." (Dkt. No. 1 at ¶¶ 25, 33, 40; *see also id.* at ¶¶ 23, 51, 53.) Hilti made no such

2

contention. FireBlok cites to Paragraph 9 of Hilti's counterclaim regarding non-infringement (*id.*), but this paragraph simply states that "Hilti does not infringe at least claim 1 of the '167 Patent because, among other things, Firestop Box Insert does not include an intumescent material applied to a support sized to cover a majority of an opening." (Dkt. No. 1-2 at 11, ¶ 9.)

Several claims of the '167 Patent do not require the intumescent material to be applied to a support. For example, claim 21 does not require a support, and this is the only claim that FireBlok is currently asserting in the Texas Action. (Ex. A, FireBlok's Infringement Contentions.) As such, Hilti's allegation that it does not practice claim 1 does not amount to claiming that its Firestop Box Insert products do not practice any invention claimed in the '167 patent. FireBlok's causes of action depend on this false allegation and should be dismissed accordingly.

## 2. Hilti No Longer Alleges the Basis for FireBlok's Claims.

Hilti is in the process of amending its answer in the Texas Action to remove the allegation cited by FireBlok, irrelevant though it may be. On June 26, 2019, Hilti requested FireBlok's consent to amend its answer and counterclaims in the Texas Action "to remove the allegations that Hilti does not practice the patent and therefore does not infringe." (Dkt. No. 11-1, Correspondence to FireBlok.) FireBlok opposes this amendment, but Hilti intends to file a motion to amend.[2] Moreover, by way of Hilti's June 26 email, FireBlok knows that Hilti no longer contends the allegation upon which FireBlok's claims rely. Therefore, even if the paragraph cited by FireBlok did allege that Hilti does not practice the invention of the '167 patent, Hilti no longer maintains that position. As such, FireBlok's claims should be dismissed,

---

[2] Hilti filed an opposed motion to extend its time to answer so that this dispute could be resolved before the Court considered the merits of FireBlok's claims. (*See* Dkt. No. 9.) Hilti will notify the Court upon entry of an amended answer in the Texas Action.

or in the alternative, transferred to the Eastern District of Texas, which will be ruling on Hilti's

Motion to Amend and on the ultimate question of whether Hilti can infringe when all of its

accused products are provided by a third party that is licensed to the asserted patent.

**B.** **The Texas Action is the Proper Venue for FireBlok's Compulsory Counterclaims.**

This is not the proper venue for FireBlok's claims. FireBlok filed the Texas Action on

January 23, 2019, nearly four months before it filed this second suit. Each of FireBlok's claims

are based on Hilti's Answer, Affirmative Defenses, and Counterclaims and are compulsory

counterclaims in the Texas Action. As such, Hilti respectfully requests that the Court dismiss this

lawsuit or transfer it to Texas for possible consolidation with the Texas Action.

Under federal law, Fireblok's claims are compulsory counterclaims in the Texas Action.

Federal courts do not allow parties to maintain actions where the asserted claims should have

been brought as compulsory counterclaims in an earlier action. *See Board of Regents of the Univ.*

*of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470–471 (7th Cir. 2011) (in suit

challenging administrative cancellation of trademark, defendant's counterclaims for infringement

and false designation were compulsory because all claims depended on existence and extent of

conflict between two marks at issue). A compulsory counterclaim is one that arises from the

same transaction or occurrence that is the subject matter of the opposing party's claim, and does

not require adding a third party over whom the court cannot acquire jurisdiction. FED. R. CIV.

P. 13(a).

Courts determine whether claims arise from the same transaction or occurrence using the

"logical relationship test." *Board of Regents*, 653 F.3d at 470. "The approach is necessarily

flexible . . . , [and] '[a] court should consider the totality of the claims, including the nature of the

claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'"

4

*Id.* (quoting *Burlington Northern R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990). As such, the inquiry "focuses on the facts of the case, rather than on the technical elements of the claims in question." *Id*. Where the claims focus on a single factual dispute, the logical relationship test is met. *Id.* at 471.

A single factual dispute underlies the Texas Action and the present case. Namely, both suits hinge on the dispute of whether or not Hilti infringes the '167 Patent. If the Court in the Texas Action finds that the accused products are licensed and therefore do not infringe, then FireBlok's claims in both suits fail. But even if FireBlok prevails in Texas action (*i.e.*, Hilti infringes), then FireBlok's claims here fail. (*See* Dkt. No. 1 at ¶ 52 ("Defendant's marking of its Firestop Box Insert product with the '167 patent ***when its product does not practice the invention of the '167 patent*** constitutes false marking under 35 U.S.C. § 292.") (emphasis added); *see also id.* at ¶¶ 26-28, 34, 41-45.) As such, the facts necessary to prove the claims in the two suits substantially overlap, and the preclusive effect of a judgment for either party in the Texas Action would bar the claims here. *See Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*, 31 F.3d 445, 448 (7th Cir. 1994) ("And in any case, this circuit's formulation of the 'logical relationship' test has been described (and praised) as a 'narrow' one, that perhaps asks little more than whether the plaintiff's claims would be barred by res judicata."); *see also Greene v. United States Dep't of Educ.*, 770 F.3d 667, 669–670 (7th Cir. 2014) ("The 'compulsion' of a compulsory counterclaim is a procedural implementation of the doctrine of res judicata."). Therefore, FireBlok's claims are compulsory counterclaims to those brought in the Texas Action and should be dismissed, or in the alternative, transferred for possible consolidation with the Texas Action.

## IV.    CONCLUSION

For the foregoing reasons, Hilti respectfully requests that the Court dismiss FireBlok's claims, or in the alternative, transfer the case to the Eastern District of Texas for possible consolidation with the Texas Action.

Dated: July 1, 2019                    Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Neil J. McNabny*
Neil J. McNabray
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla (*PHV pending*)
Texas Bar No. 24082704
rbonilla@fr.com
Aaron P. Pirouznia (*PHV pending*)
Texas Bar No. 24098958
pirouznia@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070

*Attorneys for Defendant Hilti, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 1, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay