**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| FIREBLOK IP HOLDINGS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: 3:19−cv−50122 |
| HILTI, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

Plaintiff, FireBlok IP Holdings, LLC (FireBlok) by its attorneys, as and for its First Amended Complaint against Defendant, Hilti Inc., alleges as follows:

**The Parties**

1.      Plaintiff is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at Suite 200, 5 Concourse Parkway, Atlanta, Georgia.

2.      Plaintiff was formed on February 29, 2016, as a result of a total asset transfer from Intumescent Technologies, LLC ("Intumescent").

3.      Plaintiff has been in the business of manufacturing and selling fire suppression gaskets for the construction industry since its formation, and continues manufacturing and selling fire suppression gaskets today.

4.      On information and belief, Defendant Hilti, Inc. is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business at 7250 Dallas Parkway, Plano Texas.

5.      Defendant sells its products throughout the United States, including in this judicial

district.

6.      Upon information and belief, Defendant regularly and systematically transacts

business in the State of Illinois and in this judicial district.

7.      Upon information and belief, Defendant also maintains stores in this judicial

district.

## Jurisdiction and Venue

8.      This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §

1332 (a suit between citizens of different states, and the amount in controversy exceeds $75,000,

exclusive of interest and costs), § 1367 (supplemental jurisdiction), § 1331 (federal question).

9.      This Court has personal jurisdiction over Defendant, because Defendant has

sufficient minimum contacts within the State of Illinois and this judicial district, pursuant to due

process and/or 735 ILCS 5/2-209, as Defendant has purposefully availed itself of the privileges of

conducting business in the State of Illinois by regularly conducting and soliciting business within

the State of Illinois and within this judicial district, and because Plaintiff's causes of action arise

directly from Defendant's business contacts and other activities in the State of Illinois and this

judicial district.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

11.     On June 26, 2001, U.S. Patent No. 6,252,167 ("the '167 patent"), entitled "System

and Method for Suppressing Fire in Electrical Boxes," was duly and legally issued by the United

States Patent and Trademark Office, naming Elmer Algin Rose the inventor.

12.     On July 22, 2002, Mr. Rose assigned his rights in the '167 patent to Intumescent who subsequently assigned its rights in the '167 patent to Plaintiff on February 29, 2016.

13.     The '167 patent discloses a method of suppressing electrical fires in electrical boxes using intumescent material.

14.     Plaintiff makes, offers for sale and sells products that are described by the '167 patent.

15.     Defendant markets, offers for sale and sells a product known as the Firestop Box Insert throughout the United States, including in this judicial district.

16.     The Firestop Box Insert is advertised as an intumescent box insert designed to help protect electrical outlet boxes.

17.     Pursuant to 35 U.S.C. § 287, "persons making, offering for sale or selling within the Unites States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent."

18.     Upon information and belief, at least as early as October, 2017, Defendant placed the following on its Firestop Box Insert labels: "U.S. Patent No. 6,252,167".

19.     Hilti's Firestop Box Insert labels also contain the UL Certification mark indicating that the product is certified by UL LLC, formerly Underwriters Laboratories ("UL").

20.     Below are examples of the labels for the Firestop Box Insert, each showing a reference to the '167 patent, and the UL certification mark.



21.     Defendant's website advertising the Firestop Box Insert, attached hereto as Exhibit A, lists the '167 patent as a "Feature" of the Firestop Box Insert.

22.     Defendant's website also shows the UL Certification mark and advertising that the Firestop Box Insert is UL certified.

23.     In such cases where a manufacturer has a UL certification for a product, a third-party who purchases the certified product and sells it under its own label can obtain a UL certification based on the manufacturers UL certification, in effect "piggy-backing" on the manufacturers UL certification.

24.     UL calls this service the Multiple Listing Service.

25.     UL's Multiple Listing Service is a situation where a company who does not make the product wants to have their name appear on the product and the product certified for a different company.

26.     UL advertises its Multiple Listing Service as a way to "streamline[] the process of offering the ability to use the UL Mark on *identical* UL Certified products under different brand names."   (https://www.ul.com/offerings/multiple-listing-service-ul-certified-products) (emphasis added).

27.     UL tracks the products covered under a Multiple Listing Service using a document called a correlation sheet.

28.     Correlation sheets list all base products and Multiple Listed products between two companies.

29.     Hilti's Firestop Box Insert product obtained its UL certification through UL's Multiple Listing Service.

30.     The correlation sheets for Hilti products that are Multiple Listed with RectorSeal, LLC ("RectorSeal") products is attached as Exhibit C ("Hilti Correlation Sheets").

31.     The Hilti Correlation Sheets show that Hilti's Firestop Box Insert products were initially Multiple Listed with RectorSeal's Metacaulk Box Guard products on May 15, 2006.

32.     On August 1, 2008, RectorSeal sent UL the letter attached as Exhibit D.

33.     In the August 1, 2008 letter, RectorSeal asked UL to withdraw the Multiple Listing for Hilti's Firestop Box Insert product.

34.     In the August 1, 2008 letter, RectorSeal told UL, "RectorSeal will not longer be manufacturing the Fire[stop] Box Inserts for Hilti."

35.     As a direct result of the August 1, 2008 letter, UL withdrew the Multiple Listing for Firestop Box Insert.

36.     The Hilti Correlation Sheets show UL's withdrawal of Hilti's Multiple Listing for Firestop Box Insert with RectorSeal's Metacaulk Box Guard products on August 1, 2008.

37.     On January 17, 2019, RectorSeal sent UL the letter attached as Exhibit E.

38.     In the January 17, 2019 letter, RectorSeal asked that Hilti's Firestop Box Insert be Multiple Listed with RectorSeal's Metacaulk Box Insert product.

39.     The Hilti Correlation Sheets show that Hilti's Firestop Box Insert products were again Multiple Listed with RectorSeal's Metacaulk Box Guard products on January 28, 2019.

40.     From August 1, 2008, until January 28, 2019, Hilti's Firestop Box Insert products were not Multiple Listed with Metacaulk Box Guard Products.

41.     From August 1, 2008, until January 28, 2019, Hilti's Firestop Box Insert Products were not authorized to contain the UL Certification mark.

42.     Hilti's Firestop Box Insert contained the UL Certification mark continuously from 2006.

43.     Hilti's Firestop Box Insert contained the UL Certification mark during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

44.     On January 23, 2019, Plaintiff filed a lawsuit against Defendant in the Eastern District of Texas, 2:19-cv-00023, claiming that Defendant was infringing the '167 patent ("Texas Action").

45.     In its Answer in the Texas Action, attached hereto as Exhibit B, Defendant denied that it infringes the claims of the '167 patent.

46.     Defendant also propounded Counterclaims in the Texas Action seeking, among other things, a declaration that it does not infringe the '167 patent, because its products do not practice all elements of the claims of the '167 patent, Ex. B at 11, paragraph 9.

## COUNT I –UNIFORM DECEPTIVE TRADE PRACTICES, 815 ILCS 510/1, *et seq.*

47.     Plaintiff incorporates by reference paragraphs 1 through 45 of its Complaint as if set forth herein.

48.     In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its Firestop

Box Insert products with the '167 patent number for the purpose of telling consumers that its

Firestop Box Insert products practice the invention of the '167 patent.

49.     Defendant has caused a likelihood of confusion over the certification of

Defendant's Firestop Box Insert products.

50.     Defendant has caused a likelihood of confusion over an affiliation or connection

between Plaintiff and Defendant.

51.     Defendant has represented that the Firestop Box Insert products are of a particular

quality that they are not.

52.     Plaintiff has been, and continues to be harmed by Defendant's deceptive trade

practices.

53.     As such, Defendant is in violation of Illinois' Uniform Deceptive Trade Practice

Act.

54.     Pursuant to 815 ILCS 510/3, Plaintiff is entitled to an injunction against

Defendant's sale of the Firestop Box Insert products.

## COUNT II –UNIFORM DECEPTIVE TRADE PRACTICES, 815 ILCS 510/1, *et seq.*

55.     Plaintiff incorporates by reference paragraphs 1 through 53 of its Complaint as if

set forth herein.

56.     Defendant placed the UL Certification mark on its Firestop Box Insert continuously

since 2008.

57.     Defendant placed the UL Certification mark on its Firestop Box Insert during the

time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

58.     Defendant has caused a likelihood of confusion over Defendant's UL certification for its Firestop Box Insert products by using the UL Certification mark on Defendant's products without being authorized to place the UL Certification mark on its Firestop Box Insert products.

59.     Defendant use the UL Certification mark to advertise the advantage of Defendant's Firestop Box Insert products.

60.     Plaintiff has been, and continues to be harmed by Defendant's deceptive trade practices.

61.     As such, Defendant is in violation of Illinois' Uniform Deceptive Trade Practice Act.

62.     Pursuant to 815 ILCS 510/3, Plaintiff is entitled to an injunction against Defendant's sale of the Firestop Box Insert products.

## COUNT III – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

63.     Plaintiff incorporates by reference paragraphs 1 through 62 of its Complaint as if set forth herein.

64.     In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its Firestop Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent.

65.     Defendant has represented that the Firestop Box Insert products are of a particular standard and quality, based on the '167 patent, which they are not.

66.     Defendant also employs deceptive practices described in Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2).

67.     Plaintiff has been, and continues to be harmed by Defendant's actions.

68.     As such, Defendant is in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

69.     Plaintiff's damages are in excess of $75,000.

### COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.* Against Defendants Hilti Corp.

70.     Plaintiff incorporates by reference paragraphs 1 through 69 of its Complaint as if set forth herein.

71.     Defendant placed the UL Certification mark on its Firestop Box Insert continuously since 2008.

72.     Defendant placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

73.     Defendant employed deceptive practices described in Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2).

74.     Defendant use the UL Certification mark to advertise the advantage of Defendant's Firestop Box Insert products.

75.     Plaintiff has been, and continues to be harmed by Defendant's actions.

76.     As such, Defendant is in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

77.     Plaintiff's damages are in excess of $75,000.

### COUNT V –FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125

78.     Plaintiff incorporates by reference paragraphs 1 through 77 of its Complaint as if set forth herein.

79.     In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its Firestop

Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent.

80.     Defendant has made false and misleading descriptions of fact about its Firestop Box Insert products.

81.     Defendant has made false and misleading representations of fact about its Firestop Box Insert products.

82.     Defendant's misleading descriptions of fact and misleading representations of fact are likely to cause confusion.

83.     Defendant's misleading descriptions of fact and misleading representations of fact are likely to create a false connection and association between Plaintiff and Defendant.

84.     Defendant's misleading descriptions of fact and misleading representations of fact misrepresent characteristics and qualities of Defendant's Firestop Box Inserts.

85.     Plaintiff has been, and continues to be harmed by Defendant's misleading descriptions of fact and misleading representations of fact.

86.     As such, Defendant is in violation of 15 U.S.C. § 1125(a).

### COUNT IV – FALSE MARKING, 35 U.S.C. § 292

87.     Plaintiff incorporates by reference paragraphs 1 through 87 of its Complaint as if set forth herein.

88.     Defendant marks its Firestop Box Insert products with the '167 patent number for the purpose of telling its consumers that its Firestop Box Insert is a patented product.

89.     Defendant also marks its Firestop Box Insert product with the '167 patent number for the purpose of telling its consumers that its Firestop Box Insert practices the invention of the '167 patent.

90.     Defendant marks its products with the '167 patent even though it has alleged in the Texas Action that its Firestop Box Insert does not practice the invention of the '167 patent, Ex. B at 11, paragraph 9.

91.     Defendant's marking of its Firestop Box Insert product with the '167 patent when its product does not practice the invention of the '167 patent constitutes false marking under 35 U.S.C. § 292.

92.     Plaintiff has, and continues to suffer competitive damages as a result of Defendant's false marking by having to compete with Defendant who advertises that its Firestop Box Insert practices the invention of the '167 patent, while alleging that the Firestop Box Insert does not practice the '167 patent.

93.     Pursuant to 35 U.S.C. § 292(b), Plaintiff is entitled to be compensated for the recovery of its damages for Defendant's false marking.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      An adjudication that Defendant has engaged in false marking under 35 U.S.C. § 292;

B.      An adjudication that Defendant has engaged in false designation of origin under 15 U.S.C. § 1125;

C.      An adjudication that Defendant is in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.;

D.      An adjudication that Defendant is in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.;

E.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's actions, including interest, costs, expenses and an accounting of all of Defendant's products that were falsely marked;

F.      An injunction order be entered prohibiting Defendant from selling or advertising its Firestop Box Inserts in the State of Illinois pursuant to 815 ILCS 510/3;

G.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

H.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

DATED: November 20, 2019                       Respectfully submitted by,


                                               /s/ Neil A. Benchell
                                               Neil A. Benchell
                                               nbenchell@devlinlawfirm.com
                                               DEVLIN LAW FIRM LLC
                                               1306 N. Broom Street
                                               Suite 1
                                               Wilmington, DE 19806
                                               Phone: (302) 351-4400

                                               *Attorney for Plaintiff FireBlok IP Holdings, LLC.*

- 13 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on November 20, 2019 to all counsel of record who are deemed to

have consented to electronic service via the Court's CM/ECF system.

/s/ Neil A. Benchell
Neil A. Benchell