IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FIREBLOK IP HOLDINGS, LLC,

    Plaintiff,

v.

HILTI, INC.,

    Defendant.

Civil Action No. 3:19-cv-50122

DEMAND FOR JURY TRIAL

**DEFENDANT HILTI, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................2

    A. The Texas Action ........................................................................................2

    B. The Present Suit ..........................................................................................3

III. ARGUMENT ............................................................................................................3

    A. FireBlok's EDTX Answer Causes of Action fail to state a claim for which relief can be granted. ...................................................................3

        1. FireBlok can no longer rely on Hilti's answer. .........................3

        2. Hilti never claimed that it does not practice the '167 Patent. ..........................................................................................4

    B. FireBlok's UL Causes of Action fail to state a claim for which relief can be granted. ...................................................................................6

    C. All of FireBlok's causes of action are inextricably intertwined with the Texas Action. ..................................................................................6

IV. CONCLUSION .........................................................................................................8

CERTIFICATE OF SERVICE ..............................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*,
     31 F.3d 445 (7th Cir. 1994) ................................................................................................6

*Greene v. United States Dep't of Educ.*,
     770 F.3d 667 (7th Cir. 2014) ..............................................................................................6

*Heckler & Koch, Inc. v. German Sport Guns Gmbh*,
     No. 1:11-cv-01108-SEB-TAB, 2014 U.S. Dist. LEXIS 200643 (S.D. Ind. May
     15, 2014) .............................................................................................................................3

**Statutes**

35 U.S.C. § 292 ..............................................................................................................................6

**I.      INTRODUCTION**

All six of FireBlok's causes of action fail to state a claim for which relief can be granted. Four causes of action require FireBlok to have a good faith belief that the Hilti products do not practice FireBlok's patent.[1] As the basis for these claims, FireBlok alleges Hilti claimed its products do not practice the patent—Hilti made no such claim. Instead, Hilti alleged its products do not include an element from a patent claim that FireBlok does not even assert against Hilti. Moreover, Hilti amended the pleading upon which FireBlok originally relied when it filed this lawsuit and removed the allegations underlying FireBlok's claims in this case. The amended pleading is active in a pending suit where FireBlok sued Hilti in the District Court for the Eastern District of Texas, yet FireBlok's Amended Complaint here still cites the inoperative answer.

FireBlok's other two causes of action require Hilti to have "placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark." Hilti obtained its Firestop Box Insert from RectorSeal, and RectorSeal, not Hilti, placed the UL Certification mark on the products. RectorSeal is authorized to apply the UL Certification mark to the products it manufactures. FireBlok's claims thus fail to state a claim upon which relief can be granted.

All six causes of action are inextricably intertwined with an upcoming decision in the Texas suit. There, Hilti asserts that its accused products are licensed to FireBlok's asserted patent. The Texas court scheduled an early summary judgment hearing to decide this issue, set for January 15, 2020. If the court finds Hilti's products are licensed, all of FireBlok's claims here fail. Therefore, if the Court does not dismiss FireBlok's claims, Hilti respectfully requests that

---

[1] As discussed below, FireBlok has filed a lawsuit in the District Court for the Eastern District of Texas, alleging the Hilti products *do* practice FireBlok's patent. FireBlok cannot have a good faith basis for believing two diametrically opposed positions.

1

this Court stay the present case pending the Texas court's decision on Hilti's Motion for Summary Judgment.

## II.      FACTUAL BACKGROUND

### A.      The Texas Action

FireBlok filed suit in the District Court for the Eastern District of Texas on January 23, 2019 (the "Texas Action"), asserting claims for infringement of U.S. Patent No. 6,252,167 (the "'167 Patent"). (*See* Dkt. No. 1 at ¶ 21.) On April 4, 2019, Hilti filed its Answer, Affirmative Defenses, and Counterclaims, denying infringement because it purchases the Firestop Box Insert under a patent license agreement. (*See* Dkt. No. 36-2.) In its Counterclaim for Declaration Regarding Non-Infringement, Hilti further alleged:

> 9. Hilti does not infringe at least claim 1 of the '167 Patent because, among other things, the Firestop Box Insert does not include an intumescent material applied to a support sized to cover a majority of an opening.

(*Id.* at 11, ¶ 9.)

FireBlok served its Disclosure of Asserted Claims and Infringement Contentions on May 24, 2019, under Local Patent Rule 3-1, asserting only Claim 21 of the '167 Patent. (Dkt. No 16-1, FireBlok's Infringement Contentions.) The parties then participated in a Scheduling Conference on June 12, 2019. Recognizing that the lawsuit hinged on whether or not the accused products were licensed, the Texas court delayed entering a full Docket Control Order and ordered the parties "to file any motions regarding the Licensing Defense, or the source of the accused products, by not later than November 1, 2019." (Dkt. No. 16-2, Order Setting Hearing.)

On July 15, 2019, Hilti moved for leave to amend its answer and counterclaims in the Texas Action, and on October 8, 2019, the Texas court granted that motion. Accordingly, Hilti's First Amended Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 29-1) replaced Dkt.

No. 36-2 as the operative pleading in the Texas Action. This amended pleading does not contain Paragraph 9 as quoted above.

### B. The Present Suit

FireBlok filed the present suit on May 22, 2019 (Dkt. No. 1), and the Court entered FireBlok's First Amended Complaint on November 20, 2019 (Dkt. No. 36). FireBlok asserts four causes of action (the "EDTX Answer Causes of Action") based on "Defendant['s] claims that its Firestop Box Insert products do not practice the invention of the '167 patent . . . even though it marks its Firestop Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent." (*Id.* at ¶¶ 48, 64, 79; *see also id.* at ¶¶ 46, 90, 92.) FireBlok also asserts two causes of action (the "UL Causes of Action") alleging Hilti "placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark." (*Id*. at ¶¶ 57, 72.)

### III. ARGUMENT

#### A. FireBlok's EDTX Answer Causes of Action fail to state a claim for which relief can be granted.

##### 1. FireBlok can no longer rely on Hilti's answer.

FireBlok has misconstrued its obligation in filing this lawsuit. FireBlok—not Hilti—must have a reasonable belief in the truth of its claims.[2] FireBlok based its EDTX Answer Causes of Action on defenses raised in Hilti's original answer in the Texas Action. Rather than argue the impropriety and mischaracterization of FireBlok's actions, Hilti amended its answer to remove the allegation cited by FireBlok, irrelevant though it may be. (*See* Dkt. No. 29.) "The Amended

---

[2] There can be no cause of action based on FireBlok's belief of what Hilti believes. FireBlok itself must believe its patent is or is not being practiced.

Answer supersedes the initial pleadings entirely." *Heckler & Koch, Inc. v. German Sport Guns Gmbh*, No. 1:11-cv-01108-SEB-TAB, 2014 U.S. Dist. LEXIS 200643 at *42, n.16 (S.D. Ind. May 15, 2014) (citing *Duda v. Bd. Of Educ. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998)). Therefore, even if the paragraph cited by FireBlok did allege that Hilti does not practice any invention of the '167 patent, Hilti no longer asserts that position. Any attempt by FireBlok to argue Hilti may still ***think*** it does not practice the patent would be even more inappropriate than FireBlok's original basis for this lawsuit. As such, FireBlok's EDTX Answer Causes of Action should be dismissed.

### 2. Hilti never claimed that it does not practice the '167 Patent.

Each of FireBlok's EDTX Answer Causes of Action depend on the false allegation that "[i]n the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent." (Dkt. No. 36 at ¶¶ 48, 64, 79; *see also id.* at ¶¶ 46, 90, 92.) Hilti made no such contention. FireBlok cites to Paragraph 9 of Hilti's counterclaim regarding non-infringement (*id.*), but this paragraph simply states that "Hilti does not infringe at least claim 1 of the '167 Patent because, among other things, Firestop Box Insert does not include an intumescent material applied to a support sized to cover a majority of an opening." (Dkt. No. 36-2 at 11, ¶ 9.)

FireBlok conflates the issues of infringement of specific claims and practicing a patent as a whole. Each claim in a patent contains unique limitations and stands alone as a separate and distinct invention.[3] The '167 Patent, for example, contains 26 separate claims. In any lawsuit, infringement must be asserted and proved on a claim-by-claim basis. A defendant may infringe (*i.e.*, practice without permission) certain claims in a patent while simultaneously not infringing

---

[3] *See* 1 Annotated Patent Digest (Matthews) § 3:1 – Claims measure the scope of the patent rights ("The claims set forth in words the boundaries of the invention claimed by the inventor.").

others. However, if a defendant infringes even one claim, he is liable for "infringement of a patent," even if he does not infringe each and every claim.[4] Likewise, one may be said to "practice a patent" if he practices even one claim of a patent, despite not practicing many other claims of the same patent.[5] Thus, it is entirely appropriate for a company to mark its product with a patent number if it practices *one* or more claims of the patent, even if the company contends the product does not practice *every* claim of the patent.[6]

Here, FireBlok's EDTX Answer Causes of Action are based upon Hilti's allegations about not practicing one specific claim: Claim 1. There is nothing improper or inconsistent with Hilti asserting it does not practice Claim 1 while simultaneously conceding that it does practice other claims of the '167 Patent. Indeed, several claims of the '167 Patent do not include Claim 1's requirement that the intumescent material be applied to a support. For example, Claim 21 does not require a support, and this is the only claim that FireBlok is currently asserting in the Texas Action. (Dkt. No. 16-1, FireBlok's Infringement Contentions.) As such, Hilti's allegation that it does not practice Claim 1 does not amount to claiming that its Firestop Box Insert products do not practice any invention claimed in the '167 patent. FireBlok's EDTX Answer Causes of Action depend on this false allegation and should be dismissed accordingly.

---

[4] *See id.* at § 9:1 – Introductory summary of infringement principles ("To show infringement of a patent, the patentee must show one of the enumerated prohibited acts was done with a product or process that meets each and every limitation of **at least one claim** of the asserted patent." (emphasis added)).

[5] *See id.* at § 11:18 – Express license provides a complete defense ("The grant of a patent license grants the licensee a contractual right to practice a patented technology within the confines of the license grant.").

[6] *See id.* at § 30:141 – Duty to mark product with patent number under 35 U.S.C.A. § 287 ("Under the Patent Act, a patentee may provide the public with notice that a commercial product embodies a patented invention by affixing . . . the word patent followed by the patent number.").

5

B.     **FireBlok's UL Causes of Action fail to state a claim for which relief can be granted.**

Both of FireBlok's UL Causes of Action depend on the incorrect statement that Hilti "placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark." (Dkt. No. 36 at ¶¶ 57, 72.) Hilti never placed the UL Certification mark on the Insert. Instead, RectorSeal, Hilti's vendor, placed the UL Certification mark on the Insert as part of manufacturing this product for Hilti, and RectorSeal has continuously been authorized by UL to do so. As such, FireBlok's claims must fail.

Hilti never placed the UL Certification mark on the Insert. As FireBlok admits, "Hilti's Firestop Box Insert product obtained its UL certification through UL's Multiple Listing Service." (Dkt. No. 36 at ¶ 29.) "UL's Multiple Listing Service is a situation where a company who does not make the product wants to have their name appear on the product and the product certified for a different company." (*Id.* at ¶ 25.) Since Hilti did not manufacture the Insert, it simply provided a label design to RectorSeal, and RectorSeal placed the label on the Insert.

RectorSeal has continuously been authorized to place the UL Certification mark on the products it manufactures. The UL correlation sheets attached to FireBlok's Amended Complaint show that RectorSeal has continuously had authorization to apply the UL mark. (*See* Dkt. No. 36-3.) RectorSeal manufactured the products for Hilti and placed the UL mark on those products, as it was authorized to do. As such, FireBlok's UL Causes of Action fail to state a claim on which relief can be granted.

C.     **All of FireBlok's causes of action are inextricably intertwined with the Texas Action.**

All of FireBlok's causes of action are inextricably intertwined with the Texas Action. As discussed above, FireBlok's EDTX Answer Causes of Action are based on an inoperative

6

pleading in the Texas Action. Moreover, the Texas court's upcoming ruling on Hilti's Motion for Summary Judgment may dispose of all of FireBlok's causes of action. As such, Hilti respectfully requests that the Court await the Texas court's ruling before addressing FireBlok's claims.

A single factual dispute underlies the Texas Action and FireBlok's EDTX Answer Causes of Action in the present case. Namely, both hinge on whether Hilti infringes the '167 Patent. If the Texas court finds that the accused products are licensed and therefore do not infringe, then FireBlok's claims in both suits fail. But even if FireBlok prevails in Texas action (*i.e.*, Hilti infringes), then FireBlok's claims here fail. (*See* Dkt. No. 1 at ¶ 52 ("Defendant's marking of its Firestop Box Insert product with the '167 patent ***when its product does not practice the invention of the '167 patent*** constitutes false marking under 35 U.S.C. § 292.") (emphasis added); *see also id.* at ¶¶ 26-28, 34, 41-45.) As such, the facts necessary to prove the claims in the two suits substantially overlap, and the preclusive effect of a judgment for either party in the Texas Action would bar the claims here. *See Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*, 31 F.3d 445, 448 (7th Cir. 1994) ("And in any case, this circuit's formulation of the 'logical relationship' test has been described (and praised) as a 'narrow' one, that perhaps asks little more than whether the plaintiff's claims would be barred by res judicata."); *see also Greene v. United States Dep't of Educ.*, 770 F.3d 667, 669–670 (7th Cir. 2014) ("The 'compulsion' of a compulsory counterclaim is a procedural implementation of the doctrine of res judicata.").

Likewise, FireBlok's UL Causes of Action fail if the Texas court finds that Hilti is licensed. The license dispute hinges on whether Hilti purchased the accused products from licensee RectorSeal. FireBlok does not deny that RectorSeal has always been authorized to apply the UL Certification to its products. Therefore, if the products are licensed because they came

7

from RectorSeal, then FireBlok's UL Causes of Action fail. As such, Hilti respectfully requests that this Court stay the present case pending the Texas court's decision on Hilti's Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, Hilti respectfully requests that the Court dismiss FireBlok's First Amended Complaint, or in the alternative, stay the case pending the Texas court's decision on Hilti's Motion for Summary Judgment.

Dated: December 10, 2019 Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    Texas Bar No. 24002583
    mcnabnay@fr.com
    Ricardo J. Bonilla
    Texas Bar No. 24082704
    rbonilla@fr.com
    Aaron P. Pirouznia
    Texas Bar No. 24098958
    pirouznia@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070

    Robert D. Leighton
    GOLDBERG KOHN LTD.
    Suite 3300
    55 East Monroe
    Chicago, IL 60603
    (312) 863-7194

**COUNSEL FOR DEFENDANT HILTI, INC.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 10, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                    */s/ Neil J. McNabnay*
                                                    Neil J. McNabnay