**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **FIREBLOK IP HOLDINGS, LLC,** | |
|       **Plaintiff,** | **Civil Action No. 3:19-cv-50122** |
| **v.** | **DEMAND FOR JURY TRIAL** |
| **HILTI, INC.,** | |
|       **Defendant.** | |

**HILTI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Hilti, Inc. ("Hilti") files this Answer and Affirmative Defenses to Plaintiff Fireblok IP Holdings, LLC's ("Plaintiff") First Amended Complaint. Hilti denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1.      Plaintiff is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at Suite 200, 5 Concourse Parkway, Atlanta, Georgia.

**ANSWER:**    Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.      Plaintiff was formed on February 29, 2016, as a result of a total asset transfer from Intumescent Technologies, LLC ("Intumescent").

**ANSWER:**    Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.      Plaintiff has been in the business of manufacturing and selling fire suppression gaskets for the construction industry since its formation, and continues manufacturing and selling fire suppression gaskets today.

**ANSWER:**      Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      Plaintiff has been in the business of manufacturing and selling fire suppression gaskets for the construction industry since its formation, and continues manufacturing and selling fire suppression gaskets today.

**ANSWER:**      Hilti admits that it is a corporation organized and existing under the laws of the State of Oklahoma with a principal place of business at 7250 Dallas Parkway, Plano, Texas.

5.      Defendant sells its products throughout the United States, including in this judicial district.

**ANSWER:**      Hilti admits that Hilti sells its products throughout the United States, including in this judicial district.

6.      Upon information and belief, Defendant regularly and systematically transacts business in the State of Illinois and in this judicial district.

**ANSWER:**      Hilti admits that Hilti regularly and systematically transacts business in the State of Illinois and in this judicial district.

7.      Upon information and belief, Defendant also maintains stores in this judicial district.

**ANSWER:**      Hilti admits that Hilti maintains stores in this judicial district.

**HILTI, INC.'S ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT – PAGE 2**

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §

1332 (a suit between citizens of different states, and the amount in controversy exceeds $75,000,

exclusive of interest and costs), § 1367 (supplemental jurisdiction), § 1331 (federal question).

**ANSWER:**    Hilti admits that this Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1332, 1367, and 1331, but Hilti denies Plaintiff is entitled to any relief.

9.      This Court has personal jurisdiction over Defendant, because Defendant has

sufficient minimum contacts within the State of Illinois and this judicial district, pursuant to due

process and/or 735 ILCS 5/2-209, as Defendant has purposefully availed itself of the privileges

of conducting business in the State of Illinois by regularly conducting and soliciting business

within the State of Illinois and within this judicial district, and because Plaintiff's causes of

action arise directly from Defendant's business contacts and other activities in the State of

Illinois and this judicial district.

**ANSWER:**    Hilti does not contest whether personal jurisdiction over it properly lies in

this District in this case, or that it conducts business in the State of Illinois.   Hilti does not

contest whether venue is proper in this District in this case.

## BACKGROUND

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Hilti does not contest whether venue is proper in this District in this case.

11.      On June 26, 2001, U.S. Patent No. 6,252,167 ("the '167 patent"), entitled "System

and Method for Suppressing Fire in Electrical Boxes," was duly and legally issued by the United

States Patent and Trademark Office, naming Elmer Algin Rose the inventor.

**ANSWER:** Hilti denies that the '167 Patent was duly and legally issued. Hilti is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint.

12. On July 22, 2002, Mr. Rose assigned his rights in the '167 patent to Intumescent who subsequently assigned its rights in the '167 patent to Plaintiff on February 29, 2016.

**ANSWER:** Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. The '167 patent discloses a method of suppressing electrical fires in electrical boxes using intumescent material.

**ANSWER:** The content of the '167 Patent speaks for itself, and Paragraph 13 contains no allegations that require a response. To the extent any response is required, Hilti admits that the BACKGROUND OF THE INVENTION of the '167 Patent states that the patent "relates generally to the suppression of fires in electrical boxes and more particularly to the use of an intumescent material to suppress fires within an electrical box," but except as expressly admitted in this paragraph, Hilti denies that Paragraph 13 sets forth an accurate and complete description of technology relevant to this dispute and therefore denies the allegations of Paragraph 13.

14. Plaintiff makes, offers for sale and sells products that are described by the '167 patent.

**ANSWER:** Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant markets, offers for sale and sells a product known as the Firestop Box Insert throughout the United States, including this judicial district.

**ANSWER:** Hilti admits that Hilti markets, offers for sale and sells a product known as the Firestop Box Insert throughout the United States, including in this judicial district.

16. The Firestop Box Insert is advertised as an intumescent box insert designed to help protect electrical outlet boxes.

**ANSWER:** Hilti admits the Firestop Box Insert is advertised as an intumescent box insert designed to help protect electrical outlet boxes.

17. Pursuant to 35 U.S.C. § 287, "persons making, offering for sale or selling within the Unites States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent."

**ANSWER:** Hilti admits that 35 U.S.C. § 287(a) includes the language quoted by Plaintiff in Paragraph 17 of the Complaint.

18. Upon information and belief, at least as early as October, 2017, Defendant placed the following on its Firestop Box Insert labels: "U.S. Patent No. 6,252,167".

**ANSWER:** Hilti admits that around October 2017 Hilti updated its Firestop Box Insert label design to include "U.S. Patent No. 6,252,167" but Hilti denies that Hilti placed the '167 patent number on Hilti's Firestop Box Insert.

19. Hilti's Firestop Box Insert labels also contain the UL Certification mark indicating that the product is certified by UL LLC, formerly Underwriters Laboratories ("UL").

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert label design contains the UL Certification mark indicating that the product is certified by UL.

20. Below are examples of the labels for the Firestop Box Insert, each showing a reference to the '167 patent, and the UL certification mark.

**ANSWER:** The content of the Firestop Box Insert labels speaks for itself and Paragraph 20 contains no allegations that require a response. To the extent any response is required, Hilti admits that the label examples for the Firestop Box Insert in Paragraph 20 of the Complaint each show a reference to the '167 patent and the UL certification mark.

21. Defendant's website advertising the Firestop Box Insert, attached hereto as Exhibit A, lists the '167 patent as a "Feature" of the Firestop Box Insert.

**ANSWER:** The content of the Hilti's website speaks for itself and Paragraph 21 contains no allegations that require a response. To the extent any response is required, Hilti admits that Hilti's webpage for the Firestop Box Insert includes the text "US Patent No. 6,252,167".

22. Defendant's website also shows the UL Certification mark and advertising that the Firestop Box Insert is UL certified.

**ANSWER:** The content of the Hilti's website speaks for itself and Paragraph 22 contains no allegations that require a response. To the extent any response is required, Hilti admits that Hilti's webpage for the Firestop Box Insert shows the UL Certification mark and advertises the Firestop Box Insert is UL certified.

23. In such cases where a manufacturer has a UL certification for a product, a third-party who purchases the certified product and sells it under its own label can obtain a UL certification based on the manufacturers UL certification, in effect "piggy-backing" on the manufacturers UL certification.

**ANSWER:** Hilti admits that where a manufacturer has a UL certification for a product, a third party who purchases the certified product and sells it under its own label can

obtain a UL certification based on the manufacturer's UL certification, in effect "piggy-backing" on the manufacturers UL certification.

24.     UL calls this service the Multiple Listing Service.

**ANSWER:**     Hilti admits that UL calls the service described in Paragraph 23 of the Complaint the Multiple Listing Service.

25.     UL's Multiple Listing Service is a situation where a company who does not make the product wants to have their name appear on the product and the product certified for a different company.

**ANSWER:**     Hilti admits that UL's Multiple Listing Service is a situation where a company who does not make the product wants to have their name appear on the product and wants to have the product certified.

26.     UL advertises its Multiple Listing Service as a way to "streamline[] the process of offering the ability to use the UL Mark on *identical* UL Certified products under different brand names." (https://www.ul.com/offerings/multiple-listing-service-ul-certified-products) (emphasis added).

**ANSWER:**     The content of the UL's website speaks for itself and Paragraph 26 contains no allegations that require a response. To the extent any response is required, Hilti admits that the webpage cited by Plaintiff in Paragraph 26 of the Complaint states that UL's "Multiple Listing Service streamlines the process of offering the ability to use the UL Mark on identical UL Certified products under different brand names."

27.     UL tracks the products covered under a Multiple Listing Service using a document called a correlation sheet.

**ANSWER:** Hilti admits that a correlation sheet is the document in the UL file procedure that identifies the products covered under UL's multiple listing arrangement.

28.     Correlation sheets list all base products and Multiple Listed products between two companies.

**ANSWER:** Hilti admits correlation sheets list all base products and Multiple Listed products, but Hilti denies that correlation sheets are limited to two companies.

29.     Hilti's Firestop Box Insert product obtained its UL certification through UL's Multiple Listing Service.

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert product obtained its UL certification through UL's Multiple Listing Service.

30.     The correlation sheets for Hilti products that are Multiple Listed with RectorSeal, LLC ("RectorSeal") products is attached as Exhibit C ("Hilti Correlation Sheets").

**ANSWER:** The content of the Hilti Correlation Sheets speaks for itself and Paragraph 30 contains no allegations that require a response. To the extent any response is required, Hilti admits that the correlation sheets attached as Exhibit C to the Complaint are for Hilti products that are Multiple Listed with RectorSeal, LLC.

31.     The Hilti Correlation Sheets show that Hilti's Firestop Box Insert products were initially Multiple Listed with RectorSeal's Metacaulk Box Guard products on May 15, 2006.

**ANSWER:** The content of the Hilti Correlation Sheets speaks for itself and Paragraph 31 contains no allegations that require a response. To the extent any response is required, Hilti admits that the earliest date on the Hilti Correlation Sheets list Hilti's Firestop Box Insert products as Multiple Listed with RectorSeal's Metacaulk Box Guard products on May 15, 2006.

32.     On August 1, 2008, RectorSeal sent UL the letter attached as Exhibit D.

**ANSWER:**    Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.    In the August 1, 2008 letter, RectorSeal asked UL to withdraw the Multiple Listing for Hilti's Firestop Box Insert product.

**ANSWER:**    The content of the August 1, 2008 letter speaks for itself and Paragraph 33 contains no allegations that require a response. To the extent any response is required, Hilti denies all allegations in Paragraph 33 of the Complaint.

34.    In the August 1, 2008 letter, RectorSeal told UL, "RectorSeal will not longer be manufacturing the Fire[stop] Box Inserts for Hilti."

**ANSWER:**    The content of the August 1, 2008 letter speaks for itself and Paragraph 34 contains no allegations that require a response. To the extent any response is required, Hilti admits that the email attached as Exhibit D states that "RectorSeal will no longer be manufacturing the Fire Box Inserts for Hilti."

35.    As a direct result of the August 1, 2008 letter, UL withdrew the Multiple Listing for Firestop Box Insert.

**ANSWER:**    Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.    The Hilti Correlation Sheets show UL's withdrawal of Hilti's Multiple Listing for Firestop Box Insert with RectorSeal's Metacaulk Box Guard products on August 1, 2008.

**ANSWER:**    The content of the Hilti Correlation Sheets speaks for itself and Paragraph 36 contains no allegations that require a response. To the extent any response is required, Hilti admits that Hilti's Multiple Listing for the Firestop Box Insert with RectorSeal's Metacaulk Box

Guard products is not listed on the correlation sheet revised on August 1, 2008 (UL000607), but Hilti denies that this correlation sheet shows UL's withdrawal of Hilti's Multiple Listing.

37.     On January 17, 2019, RectorSeal sent UL the letter attached as Exhibit E.

**ANSWER:**     Hilti is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     In the January 17, 2019 letter, RectorSeal asked that Hilti's Firestop Box Insert be Multiple Listed with RectorSeal's Metacaulk Box Insert product.

**ANSWER:**     The content of the August 1, 2008 letter speaks for itself and Paragraph 38 contains no allegations that require a response. To the extent any response is required, Hilti admits that the email attached as Exhibit E asks UL "to add Metacaulk Box Guard to Hilti's existing ML Number R13240."

39.     The Hilti Correlation Sheets show that Hilti's Firestop Box Insert products were again Multiple Listed with RectorSeal's Metacaulk Box Guard products on January 28, 2019.

**ANSWER:**     The content of the Hilti Correlation Sheets speaks for itself and Paragraph 39 contains no allegations that require a response. To the extent any response is required, Hilti admits that Hilti's Multiple Listing for the Firestop Box Insert with RectorSeal's Metacaulk Box Guard products is listed on the correlation sheet revised on January 28, 2019 (UL000605), but Hilti denies that this correlation sheet shows that these products "were again Multiple Listed."

40.     From August 1, 2008, until January 28, 2019, Hilti's Firestop Box Insert products were not Multiple Listed with Metacaulk Box Guard Products.

**ANSWER:**     Hilti denies all allegations in Paragraph 40 of the Complaint.

41.      From August 1, 2008, until January 28, 2019, Hilti's Firestop Box Insert Products were not authorized to contain the UL Certification mark.

**ANSWER:**    Hilti denies all allegations in Paragraph 41 of the Complaint.

42.    Hilti's Firestop Box Insert contained the UL Certification mark continuously from 2006.

**ANSWER:**    Hilti admits that Hilti's Firestop Box Insert contained the UL Certification mark continuously since 2006.

43.    Hilti's Firestop Box Insert contained the UL Certification mark during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

**ANSWER:**    Hilti denies all allegations in Paragraph 43 of the Complaint.

44.    On January 23, 2019, Plaintiff filed a lawsuit against Defendant in the Eastern District of Texas, 2:19-cv-00023, claiming that Defendant was infringing the '167 patent ("Texas Action").

**ANSWER:**    Hilti admits that Plaintiff filed a lawsuit against Hilti on January 23, 2019 in the Eastern District of Texas, 2:19-cv-00023, claiming that Hilti was infringing the '167 patent.

45.    In its Answer in the Texas Action, attached hereto as Exhibit B, Defendant denied that it infringes the claims of the '167 patent.

**ANSWER:**    Hilti admits that in its original answer in the Texas Action, Exhibit B, Hilti denied that it infringes the claims of the '167 patent.

46.    Defendant also propounded Counterclaims in the Texas Action seeking, among other things, a declaration that it does not infringe the '167 patent, because its products do not practice all elements of the claims of the '167 patent, Ex. B at 11, paragraph 9.

**ANSWER:**    Hilti admits that in Paragraph 9 of its original answer in the Texas Action, Hilti declared that Hilti "does not infringe at least claim 1 of the '167 Patent because, among

other things, the Firestop Box Insert does not include an intumescent material applied to a support sized to cover a majority of an opening."

## COUNT I – [ALLEGED] UNIFORM DECEPTIVE TRADE PRACTICES
### 815 ILCS 510/1, *et seq.*

47.    Plaintiff incorporates by reference paragraphs 1 through 45 of its Complaint as if set forth herein.

**ANSWER:**    Hilti incorporates by reference each of its responses set forth in Paragraphs 1-46 above as if fully forth herein.

48.    In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its Firestop Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent.

**ANSWER:**    Hilti admits that Hilti's Firestop Box Insert includes the '167 patent number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number. Hilti denies all remaining allegations in Paragraph 48 of the Complaint.

49.    Defendant has caused a likelihood of confusion over the certification of Defendant's Firestop Box Insert products.

**ANSWER:**    Hilti denies all allegations in Paragraph 49 of the Complaint.

50.    Defendant has caused a likelihood of confusion over an affiliation or connection between Plaintiff and Defendant.

**ANSWER:**    Hilti denies all allegations in Paragraph 50 of the Complaint.

51.    Defendant has represented that the Firestop Box Insert products are of a particular quality that they are not.

**ANSWER:**    Hilti denies all allegations in Paragraph 51 of the Complaint.

52.     Plaintiff has been, and continues to be harmed by Defendant's deceptive trade practices.

**ANSWER:**     Hilti denies all allegations in Paragraph 52 of the Complaint.

53.     As such, Defendant is in violation of Illinois' Uniform Deceptive Trade Practice Act.

**ANSWER:**     Hilti denies all allegations in Paragraph 53 of the Complaint.

54.     Pursuant to 815 ILCS 510/3, Plaintiff is entitled to an injunction against Defendant's sale of the Firestop Box Insert products.

**ANSWER:**     Hilti denies all allegations in Paragraph 54 of the Complaint.

## COUNT II – [ALLEGED] UNIFORM DECEPTIVE TRADE PRACTICES 815 ILCS 510/1, *et seq.*

55.     Plaintiff incorporates by reference paragraphs 1 through 53 of its Complaint as if set forth herein.

**ANSWER:**     Hilti incorporates by reference each of its responses set forth in Paragraphs 1-54 above as if fully forth herein.

56.     Defendant placed the UL Certification mark on its Firestop Box Insert continuously since 2008.

**ANSWER:**     Hilti admits that Hilti's Firestop Box Insert included the UL Certification mark continuously since at least 2008 but denies that Hilti placed the UL Certification mark on Hilti's Firestop Box Insert.

57.     Defendant placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

**ANSWER:**     Hilti denies all allegations in Paragraph 57 of the Complaint.

58. Defendant has caused a likelihood of confusion over Defendant's UL certification for its Firestop Box Insert products by using the UL Certification mark on Defendant's products without being authorized to place the UL Certification mark on its Firestop Box Insert products.

**ANSWER:** Hilti denies all allegations in Paragraph 58 of the Complaint.

59. Defendant use the UL Certification mark to advertise the advantage of Defendant's Firestop Box Insert products.

**ANSWER:** Hilti denies all allegations in Paragraph 59 of the Complaint.

60. Plaintiff has been, and continues to be harmed by Defendant's deceptive trade practices.

**ANSWER:** Hilti denies all allegations in Paragraph 60 of the Complaint.

61. As such, Defendant is in violation of Illinois' Uniform Deceptive Trade Practice Act.

**ANSWER:** Hilti denies all allegations in Paragraph 61 of the Complaint.

62. Pursuant to 815 ILCS 510/3, Plaintiff is entitled to an injunction against Defendant's sale of the Firestop Box Insert products.

**ANSWER:** Hilti denies all allegations in Paragraph 62 of the Complaint.

## COUNT III – [ALLEGED] ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

63. Plaintiff incorporates by reference paragraphs 1 through 62 of its Complaint as if set forth herein.

**ANSWER:** Hilti incorporates by reference each of its responses set forth in Paragraphs 1-62 above as if fully forth herein.

64. In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its

Firestop Box Insert products with the '167 patent number for the purpose of telling consumers

that its Firestop Box Insert products practice the invention of the '167 patent.

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert includes the '167 patent

number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number. Hilti

denies all remaining allegations in Paragraph 64 of the Complaint.

65. Defendant has represented that the Firestop Box Insert products are of a particular

standard and quality, based on the '167 patent, which they are not.

**ANSWER:** Hilti denies all allegations in Paragraph 65 of the Complaint.

66. Defendant also employs deceptive practices described in Section 2 of the Uniform

Deceptive Trade Practices Act (815 ILCS 510/2).

**ANSWER:** Hilti denies all allegations in Paragraph 66 of the Complaint.

67. Plaintiff has been, and continues to be harmed by Defendant's actions.

**ANSWER:** Hilti denies all allegations in Paragraph 67 of the Complaint.

68. As such, Defendant is in violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act.

**ANSWER:** Hilti denies all allegations in Paragraph 68 of the Complaint.

69. Plaintiff's damages are in excess of $75,000.

ANSWER Hilti denies all allegations in Paragraph 69 of the Complaint.

### COUNT IV – [ALLEGED] ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.* Against Defendants Hilti Corp.

70. Plaintiff incorporates by reference paragraphs 1 through 69 of its Complaint as if

set forth herein.

**ANSWER:** Hilti incorporates by reference each of its responses set forth in

Paragraphs 1-69 above as if fully forth herein.

71.     Defendant placed the UL Certification mark on its Firestop Box Insert continuously since 2008.

**ANSWER:**     Hilti admits that Hilti's Firestop Box Insert included the UL Certification mark continuously since at least 2008 but denies that Hilti placed the UL Certification mark on Hilti's Firestop Box Insert.

72.     Defendant placed the UL Certification mark on its Firestop Box Insert during the time that Hilti's Firestop Box Insert was not authorized to contain the UL Certification mark.

**ANSWER:**     Hilti denies all allegations in Paragraph 72 of the Complaint.

73.     Defendant employed deceptive practices described in Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2).

**ANSWER:**     Hilti denies all allegations in Paragraph 73 of the Complaint.

74.     Defendant use the UL Certification mark to advertise the advantage of Defendant's Firestop Box Insert products.

**ANSWER:**     Hilti denies all allegations in Paragraph 74 of the Complaint.

75.     Plaintiff has been, and continues to be harmed by Defendant's actions.

**ANSWER:**     Hilti denies all allegations in Paragraph 75 of the Complaint.

76.     As such, Defendant is in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

**ANSWER:**     Hilti denies all allegations in Paragraph 76 of the Complaint.

77.     Plaintiff's damages are in excess of $75,000.

**ANSWER:**     Hilti denies all allegations in Paragraph 77 of the Complaint.

## COUNT V – [ALLEGED] FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125

78.     Plaintiff incorporates by reference paragraphs 1 through 77 of its Complaint as if set forth herein.

**ANSWER:** Hilti incorporates by reference each of its responses set forth in Paragraphs 1-77 above as if fully forth herein.

79.     In the Texas Action, Defendant claims that its Firestop Box Insert products do not practice the invention of the '167 patent, Ex. B at 11, paragraph 9, even though it marks its Firestop Box Insert products with the '167 patent number for the purpose of telling consumers that its Firestop Box Insert products practice the invention of the '167 patent.

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert includes the '167 patent number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number. Hilti denies all remaining allegations in Paragraph 79 of the Complaint.

80.     Defendant has made false and misleading descriptions of fact about its Firestop Box Insert products.

**ANSWER:** Hilti denies all allegations in Paragraph 80 of the Complaint.

81.     Defendant has made false and misleading representations of fact about its Firestop Box Insert products.

**ANSWER:** Hilti denies all allegations in Paragraph 81 of the Complaint.

82.     Defendant's misleading descriptions of fact and misleading representations of fact are likely to cause confusion.

**ANSWER:** Hilti denies all allegations in Paragraph 82 of the Complaint.

83.     Defendant's misleading descriptions of fact and misleading representations of fact are likely to create a false connection and association between Plaintiff and Defendant.

**ANSWER:** Hilti denies all allegations in Paragraph 83 of the Complaint.

84.     Defendant's misleading descriptions of fact and misleading representations of fact misrepresent characteristics and qualities of Defendant's Firestop Box Inserts.

**ANSWER:** Hilti denies all allegations in Paragraph 84 of the Complaint.

85.    Plaintiff has been, and continues to be harmed by Defendant's misleading descriptions of fact and misleading representations of fact.

**ANSWER:** Hilti denies all allegations in Paragraph 85 of the Complaint.

86.    As such, Defendant is in violation of 15 U.S.C. § 1125(a).

**ANSWER:** Hilti denies all allegations in Paragraph 86 of the Complaint.

## COUNT IV – [ALLEGED] FALSE MARKING, 35 U.S.C. § 292

87.    Plaintiff incorporates by reference paragraphs 1 through 87 of its Complaint as if set forth herein.

**ANSWER:** Hilti incorporates by reference each of its responses set forth in Paragraphs 1-87 above as if fully forth herein.

88.    Defendant marks its Firestop Box Insert products with the '167 patent number for the purpose of telling its consumers that its Firestop Box Insert is a patented product.

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert includes the '167 patent number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number or that Hilti includes the number for the purpose of telling its consumers that Hilti's Firestop Box Insert is a patented product.

89.    Defendant also marks its Firestop Box Insert product with the '167 patent number for the purpose of telling its consumers that its Firestop Box Insert practices the invention of the '167 patent.

**ANSWER:** Hilti admits that Hilti's Firestop Box Insert includes the '167 patent number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number or that Hilti includes the number for the purpose of telling its consumers that Hilti's Firestop Box Insert practices the invention of the '167 patent.

90.    Defendant marks its products with the '167 patent even though it has alleged in the Texas Action that its Firestop Box Insert does not practice the invention of the '167 patent, Ex. B at 11, paragraph 9.

**ANSWER:**    Hilti admits that Hilti's Firestop Box Insert includes the '167 patent number but denies that Hilti marks Hilti's Firestop Box Insert with the '167 patent number. Hilti denies all remaining allegations in Paragraph 90 of the Complaint.

91.    Defendant's marking of its Firestop Box Insert product with the '167 patent when its product does not practice the invention of the '167 patent constitutes false marking under 35 U.S.C. § 292.

**ANSWER:**    Hilti denies all allegations in Paragraph 91 of the Complaint.

92.    Plaintiff has, and continues to suffer competitive damages as a result of Defendant's false marking by having to compete with Defendant who advertises that its Firestop Box Insert practices the invention of the '167 patent, while alleging that the Firestop Box Insert does not practice the '167 patent.

**ANSWER:**    Hilti denies all allegations in Paragraph 92 of the Complaint.

93.    Pursuant to 35 U.S.C. § 292(b), Plaintiff is entitled to be compensated for the recovery of its damages for Defendant's false marking.

**ANSWER:**    Hilti denies all allegations in Paragraph 93 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Hilti denies the Plaintiff is entitled to any relief from Hilti and denies all the allegations contained in Paragraphs A-H of Plaintiff's Prayer for Relief.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Hilti is not required to provide a response to Plaintiff's request for a trial by jury.

## AFFIRMATIVE DEFENSES

Hilti's Affirmative Defenses are listed below. Hilti reserves the right to amend its answer

to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim on which relief can be granted because Hilti has not

performed and is not performing any act in violation of any right validly belonging to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Hilti asks this Court to enter judgment in Hilti's favor and against

Plaintiff by granting the following relief:

a)      a declaration the Plaintiff take nothing by its Complaint;

b)      judgment against Plaintiff and in favor of Hilti;

c)      dismissal of the Complaint with prejudice;

d)      an award to Hilti of its costs and attorneys' fees incurred in this action; and

e)      further relief as the Court may deem just and proper.

### JURY DEMAND

Hilti hereby demands trial by jury on all issues.

Dated: December 10, 2019        Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ Neil J. McNabnay*
     Neil J. McNabnay
     Texas Bar No. 24002583
     mcnabnay@fr.com
     Ricardo J. Bonilla
     Texas Bar No. 24082704
     rbonilla@fr.com
     Aaron P. Pirouznia
     Texas Bar No. 24098958
     pirouznia@fr.com
     1717 Main Street, Suite 5000
     Dallas, TX 75201
     (214) 747-5070 Telephone
     (214) 747-2091 Facsimile

     Robert D. Leighton
     GOLDBERG KOHN LTD.
     Suite 3300
     55 East Monroe
     Chicago, IL 60603
     (312) 863-7194

**COUNSEL FOR DEFENDANT
HILTI, INC.**


# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 10, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

     */s/ Neil J. McNabnay*
     Neil J. McNabnay