IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FIREBLOK IP HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>HILTI, INC. and RECTORSEAL, LLC,<br><br>      Defendants. | Civil Action No. 3:19-cv-50122<br><br>Hon. Iain D. Johnston |

**DEFENDANT HILTI, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)**

## INTRODUCTION

Plaintiff's claims asserted against Hilti, Inc. ("Hilti") should be dismissed because: (i.) Plaintiff's allegations fall well short of satisfying the heighted pleading standard applied to claims asserted under the Lanham Act and Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); (ii.) Exhibit A attached to Plaintiff's Second Amended Complaint does not contain a false representation; (iii.) Plaintiff does not allege facts to show that there is a threat of future misrepresentations to warrant injunctive relief pursuant to the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"); and (iv.) Plaintiff's claims arising under the ICFA and the UDTPA must also be dismissed because Plaintiff has failed to allege that the challenged conduct occurred substantially and primarily within the state of Illinois. Furthermore, because Plaintiff cannot sufficiently allege a false advertisement claim under the Lanham Act, it cannot support its claims brought under ICFA and the UDTPA. As such, Plaintiff fails to state claims against Hilti upon which relief can be granted.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

This lawsuit stems from Plaintiff's belief that labels for the Firestop Box Insert by Hilti were improperly marked and advertised as UL Certified, a certification provided and governed by UL, LLC, ("UL"), a nongovernmental third-party who authorizes the use of its UL certification mark where a product has met its certain criteria. Specifically, Plaintiff contends that Hilti's Firestop Box Insert obtained its UL certification in 2006 through a Multiple Listing Service agreement between UL and RectorSeal, LLC ("RectorSeal"). (*See* ECF No. 108, ¶32.) UL's Multiple Listing Service is a service provided by UL under which a company who does not make the product wants to have their name appear on the product and the product certified by a different

1

company.[1] *Id.* at ¶28. Plaintiff alleges that the Firestop Box Insert was removed from the Multiple Listing Service program on August 1, 2008. *Id.* at ¶38. Plaintiff believes that this alone caused Hilti to lose its ability to label its Firestop Box Insert as UL certified until the Firestop Box Insert was placed on RectorSeal's Multiple Listing program on January 28, 2019. *Id.* at ¶¶43-46.

On May 22, 2019, Plaintiff filed this suit against Hilti and asserted statutory claims arising under the UDTPA and patent infringement causes of action ("Patent Counts") based upon the belief that Hilti's Firestop Box Insert also infringed on its patent. (*See* ECF No. 1 at ¶¶32-38.) On November 20, 2019, Plaintiff amended its Complaint and asserted a statutory claim under the ICFA. (*See* ECF No. 36 at ¶¶70-77.) Thereafter, Hilti filed its Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 47 and ECF No. 48.) During that time, Plaintiff and Hilti were engaged in a parallel lawsuit in the Eastern District of Texas, 2:19-cv-00023 (the "Texas Lawsuit") which involved Plaintiff's Patent Counts. (*See* ECF No. 59 at ¶1.) On February 27, 2020, the Court in the Texas Action granted summary judgment in favor of Hilti and dismissed Plaintiff's Patent Counts. Consequently, Plaintiff voluntarily dismissed its Patent Counts in this lawsuit, leaving only Plaintiff's UDTPA and ICFA claims pending. (*Id.*; ECF No. 62.)

On September 8, 2020, the Court issued its Order and denied Hilti's Motion to Dismiss Plaintiff's UDTPA and ICFA claims. (*See* ECF No. 78.)

On March 30, 2021, Plaintiff filed its Second Amended Complaint and added statutory claims under the Lanham Act, 15 U.S.C. § 1125(a). (*See* ECF No. 108). Plaintiff's Lanham Act claims are not based on any new facts or information obtained by Plaintiff, but instead arise from

---

[1] UL's Multiple Listing Service essentially permits a product to piggyback the UL certification of another. (ECF No. 108, ¶26.)

the same factual allegations asserted to support Plaintiff's ICFA and UDTPA claims, *i.e.*, the allegation that the Firestop Box Insert was not UL certified but Hilti labeled and advertised or promoted that it was. On May 14, 2021, Hilti filed a 12(b)(6) motion to dismiss the Lanham Act claims asserted in Plaintiff's Second Amended Complaint. (ECF No. 113). At the Court's request, Hilti filed its answer and affirmative defenses to the entirety of Plaintiff's Second Amended Complaint (ECF No. 116) and now files its motion for judgment on the pleadings under Rule 12(c).

## ARGUMENT

### A. Legal Standard

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings under Rule 12(c), "the complaint must state a claim that is plausible on its face."" *Prince v. Dart*, 2015 WL 3798435, *1 (N.D. Ill. 2015) (Kocoras, J.) quoting *Vinson v. Vermilion Cnty, Ill.*, 776 F.3d 924, 928 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In considering a motion brought under Rule 12(c), the court accepts all well pleaded facts as true and construes reasonable inferences in favor of the non-moving party. *Prince*, 2015 WL 3798435 at *1. The court considers the complaint itself, documents attached to the complaint, documents critical to the complaint and referred to in it, and information subject to judicial notice. *Id*. But still, the requirement to accept an allegation in a complaint as true is "inapplicable to legal

3

conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F. 3d 400, 404 (7th Cir. 2010).

Plaintiff does not clearly state in its Second Amended Complaint whether its Lanham Act claim arises under subsection 15 U.S.C. § 1125(a)(1)(A), which governs claims of unfair competition by false representation, or 15 U.S.C. § 1125(a)(1)(B), which governs claims of false advertisement. However, and irrespective of which section Plaintiff believes its claim arises, Plaintiff's allegations are deficient under both.

**B.     Plaintiff Fails to State a Claim for False Advertisement under 15 U.S.C. § 1125(a)(1)(B).**

Federal courts in this district have repeatedly held that claims alleging false advertisement under the Lanham Act are subject to the heighted pleading requirements of Rule 9(b). *See, e.g.*, *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, 2017 WL 1436965, at *3 (N.D. Ill. Apr. 24, 2017) ("Lanham Act claims alleging false representation must meet Rule 9(b)'s heightened pleading requirements."); *Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l, Inc.*, 2015 WL 13590400, at *1 (C.D. Ill. Feb. 2, 2015) (assuming for purposes of motion to dismiss that Rule 9(b) applies to Lanham Act false advertising claims); *Ferris Mfg. Corp. v. Carr*, 2015 WL 279355, at *6 (N.D. Ill. Jan. 21, 2015) (applying Rule 9(b) standard to Lanham Act claim for false designation of origin); *Toddy Gear, Inc. v. Navarre Corp.*, 2014 WL 4271631, at *3 (N.D. Ill. Aug. 26, 2014) (applying Rule 9(b) to Lanham Act false advertising and IUDTPA claims); *Vertical Web Media, L.L.C. v. Etailinsights, Inc.*, 2014 WL 2868789, at *3 (N.D. Ill. June 24, 2014) (concluding that Rule 9(b) generally applies to claims alleging false advertising under the Lanham Act).

4

"To satisfy the heightened pleading standard of Rule 9(b), the circumstances [of the alleged false advertisement] must be plead in detail. The who, what, when, where, and how: the first paragraph of any newspaper story." *Blankenship v. Pushpin Holdings*, LLC, 2015 WL 5895416, at *7 (N.D. Ill. Oct. 6, 2015) (internal quotation marks omitted; *citing DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Rule 9(b) specifically requires alleging with particularity "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* at *5 (quoting *U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014). A plaintiff may not merely paraphrase the alleged misrepresentation, rather than identifying specific allegations. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819-820 (7th Cir.1999).

To state a claim for false advertising, a plaintiff must allege: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of its sales from itself to defendant or by a loss of goodwill associated with its products." *See* 15 U.S.C. § 1125(a)(1)(); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir.1999). A plaintiff must also prove actual damages and a causal link between the damages and defendant's conduct in order to recover monetary damages. *Hot Wax, Inc.*, 191 F. 3d at 820.

First, Plaintiff describes no misrepresentation by Hilti. A manufacturer's use of the UL certification mark is a representation that UL has reviewed representative samples of the product

5

and concluded that it meets the standards published by UL and developed under an accreditation process. *See United States* v. *4500 Audek Model No. 5601 AM/FM Clock Radios*, 220 F.3d 539 (7th Cir. 2000) (detailing UL's requirements for labeling a product with UL's certification mark); *Burt v. Makita USA, Inc.*, 212 F. Supp. 2d 893, 902 (N.D. Ind. 2002) (explaining that "UL makes the decision as to whether a product meets its standard so as to warrant the UL label," and distinguishing between UL certification and proof that a product is non-defective).

Despite its two-year litigation history with Hilti, Plaintiff fails to allege facts that show that **UL considers** Hilti's Firestop Box Insert was non-compliant. The Second Circuit Court in *Broad-Tech Electronic Co. v. Eaton Corp.*, 2018 WL 2901336 (2d Cir. June 11, 2018) (affirming *Board-Tech Electronic Co. v. Easton Electric Holdings, LLC*, 2017 WL 4990659 (S.D.N.Y. Oct. 31, 2017)), reached the same conclusion. There, the Second Circuit held that the plaintiff's false advertising claim failed for lack of falsity because the use of the UL mark only represents that a sampling of those products was certified as complaint by UL. *Id*. at *2. The court explained "[t]o satisfy the literal falsity …Board-Tech needs to allege sufficient facts to show that **Underwriters Laboratories** considers Eaton's products non-complaint—not just that someone else does." *Id*. (emphasis in original)." Plaintiff's Second Amended Complaint does not and cannot assert this allegation. The Court's requirement to accept an allegation in a complaint as true is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. As such, Plaintiff's allegation, as a third-party, that the Firestop Box Insert was not eligible bear the UL certification mark is insufficient.

Next, Plaintiff does not identify nor does it describe the "commercial advertisement" by which Hilti violated the Lanham Act—**the What.** A commercial advertisement is a specific subset of commercial speech, which involves "promotion to anonymous recipients." *First Health Grp. Corp. v. BCE Emergis Corp.*, 269 F. 3d 800, 803-04 (7th Cir. 2001). Here, Plaintiff merely alleges

6

that (1) "Defendant's website also shows the UL Certification mark and advertising that the Firestop Box Insert is UL Certified;[2] and (2) Defendants' commercial advertising or promotion of the Firestop Box Insert with the UL Certification…misrepresented the nature, characteristics, and quality of the Firestop Box Insert."[3] However, Plaintiff does not describe or identify the commercial advertising or promotional materials that underlie its claim.

The image of "Defendant's Website" attached as "Exhibit A" to Plaintiff's Second Amended Complaint that Plaintiff offers to support its false advertising claims is an image of Hilti's website dated "5/17/19." Please see below.



(*See* ECF No. 108, Exhibit A, pg. 2). (emphasis added).

---

[2] *See* ECF No. 108, ¶25.
[3] *Id.* at ¶108.

7

Plaintiff states that Hilti's Firestop Box Insert obtained its UL certification through a Multiple Listing Service agreement between UL and RectorSeal. (*See* ECF No. 108, ¶32.) Plaintiff alleges that "UL Tracks the products covered under the Multiple Listing Services using a correlation sheet" *Id*. at ¶30. Plaintiff states that the "Correlation sheets show that Hilti's Firestop Box Insert Products were…Multiple Listed with RectorSeal…on January 28, 2019." *Id*. at ¶42. Therefore, even under Plaintiff's own theory, this representation on May 17, 2019 is not false because Plaintiff concedes that the Hilti Firestop Box Insert was eligible to bear the UL mark in 2019, including on May 17, 2019.

"It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. *See Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 972 F.2d 988,991 (7th Cir. 1991); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n. 8 (3rd Cir.1994) (concluding that when documents attached to a complaint contradict the allegations of the complaint, the document controls in a Rule 12(b)(6) motion to dismiss for failure to state a claim).

Plaintiff also does not identify the medium over which Hilti supposedly advertised or promoted the Firestop Box Insert (*e.g.*, on a specific website, direct mailing, printed publications, etc.) —**the How**. "It has been held that 'to pass the pleading threshold in a Lanham Act [false advertisement case], a plaintiff at the very least must identify some medium or means through which the defendant disseminated information to a particular class of customers.'" *Trans USA Prods. v. Howard Berger Co.*, No. 07–5924, 2008 WL 852324, at *4–5, 2008 U.S. Dist. LEXIS 25370, at *6 (D.N.J. Mar. 28, 2008) (quoting *Podiatrist Ass'n v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6, 19-20 (1st Cir. 2003). Plaintiff does not allege or indicate any particular advertising or promotional medium other than the markings on the product. This is insufficient.

8

*Trans USA Prods.*, 2008 WL 852324 at *4–5, 2008 U.S. Dist. LEXIS 25370 at *1 (plaintiff's false advertisement cause of action dismissed for failure to state a claim because, *inter alia*, "Plaintiff d[id] not allege or indicate any particular advertising or promotional medium other than the [UL] markings on the product.").

Moreover, Plaintiff also fails to allege or indicate the time period during which Hilti's advertisements violated the Lanham Act—**the When**. *See, e.g., VitalGo, Inc. v. Kreg Therapeutics, Inc.*, No. 16-CV-5577, 2017 WL 6569633, at *9 (N.D. Ill. Dec. 21, 2017) (describing allegations that a defendant made false statements sometime between 2014 and 2016 "on their website" as too "nebulous" to meet the Rule 9(b) standard for a false advertisement claim under the Lanham Act). Plaintiff states that Hilti was initially UL certified through a Multiple Listing Service Agreement with RectorSeal beginning on May 15, 2006. (*See* ECF No. 108, ¶34). Plaintiff alleges that Hilti subsequently lost its UL Certification on August 1, 2008. *Id.* at ¶38. Plaintiff contends that Hilti's Firestop Box Insert did not become UL Certified until it was included in RectorSeal's Multiple Listing Service Agreement on January 28, 2019. *Id.* at ¶42. As such, Plaintiff concedes that Hilti's Firestop Box Insert was eligible to bear the UL mark, at minimum, between May 15, 2006 to July 31, 2008 and January 29, 2019 to present. Plaintiff's Second Amended Complaint neglects to state when Hilti's "advertisement or promotion" violated the Lanham Act. Plaintiff's allegations leave Hilti and the Court to speculate as to the applicable time period and specific advertisements upon which Plaintiff relies to support its claims.

Next, Plaintiff simply states that it "has been, harmed by Defendants' misleading descriptions of fact about the Firestop Box Insert." (*See* ECF No. 108, ¶109). Plaintiff does not allege nor indicate that it sustained any direct diversion of its sales from itself to Hilti, nor does it allege it lost any goodwill associated with any FireBlok product. Plaintiff also makes no attempt

9

to meet the interstate commerce requirement necessary for the application of the Lanham Act. Indeed, Plaintiff provides nothing more than conclusory allegations, devoid of any details (despite being in litigation with Hilti for over two years), regarding the false advertisements and its alleged injury. As such, Plaintiff's allegations fall well short of satisfying the heighted pleading standard applied to Plaintiff's claims. *See Iqbal*, 556 U.S. at 678 (a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do; nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancements").

### C.  Plaintiff Fails to State a Claim of Unfair Competition by False Representation under 15 U.S.C. § 1125(a)(1)(A), the UDTP and the ICFA.

A claim of unfair competition by false representation under 15 U.S.C. § 1125(a)(1)(A), if asserted, should also be dismissed because Plaintiff does not own the UL Certification mark, but instead is trying to police it as a third-party.

To establish a claim of false representation "pursuant 15 U.S.C. § 1125(a), a plaintiff must show "(1) ***that its trademark*** may be protected, and (2) that the relevant group of buyers is likely to confuse the alleged infringer's products or services with those of [the] plaintiff." *Forum Corp. of N. Am. V. Forum, Ltd.*, 903 F. 2d 434, 439 (7th Cir. 1990) (emphasis added). "To establish a claim for either trademark infringement or unfair competition, a plaintiff must generally ***prove ownership of a valid trademark*** and the likelihood that the defendants' alleged infringing mark would be confused with the valid mark. *Hullverson & Hullverson, L.C. v. Hullverson*, 2016 WL 1554422, 2016 IL App (5th) 150226-U, ¶ 64. (emphasis added).

Here, there is no dispute that Plaintiff does not own the UL Certification mark. Plaintiff admits that the "UL Certification Mark is a symbol that represents approval by UL based on [UL'S] certain criteria." (*See* ECF No. 108, ¶¶26-32. and ¶98). Furthermore, Plaintiff provides nothing more than generalized allegations, again devoid of any details, regarding its claim of unfair

10

competition by false representation under 15 U.S.C. § 1125(a)(1)(A) and its alleged injury. *See Sweet v. City of Chicago*, 953 F. Supp. 225, 231 (N.D. Ill. 1996) ("Mere mak[ing] the conclusory assertion that confusion is likely and [setting] forth no facts that would permit a conclusion that [customers] are likely confused" did not adequately plead a Lanham Act claim). Accordingly, Plaintiff's false representation claim must also be dismissed.

Lastly, claims brought under ICFA and the UDTPA are governed by the same criteria as claims brought under the Lanham Act. *See Platinumtel Commc'ns, LLC v. Zefcom, LLC*, No. 08-CV-1062, 2008 WL 5423606, at *9 (N.D. Ill. Dec. 30, 2008); *see also MJ Partners Restaurant Ltd. v. Zadikoff*, 10 F.Supp.2d 922, 929 (N.D.Ill.1998) ("[C]ommon law unfair competition claims .... must rise or fall based on the Lanham Act."); *Spex, Inc. v. Joy of Spex*, 847 F. Supp. 567, 579 (citing *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir.1983)) ("Claims for unfair competition and deceptive business practices brought under Illinois [consumer fraud] statutes are to be resolved according to the principles set forth under the Lanham Act.").

Plaintiff's UDTPA and ICFA claims arise from the same factual allegations asserted to support its Lanham Act claims, *i.e.*, the Firestop Box Insert was not UL certified and Hilti labeled and advertised or promoted that it was. As shown above, Plaintiff does not state a claim under the Lanham Act upon which relief can be granted. Consequently, Plaintiff's claims arising under the UDTPA and the ICFA also fail.

**D.      Plaintiff Fails to State a Claim under the UDTPA.**

The UDTPA "does not provide a cause of action for damages, but it does permit private suits for injunctive relief and has generally been held to apply to situations where one competitor is harmed or may be harmed by the unfair trade practices of another." *Greenberg v. United Airlines*, 563 N.E. 2d 1031, 1036-37 (Ill. App. Ct. 1990); *Power Cell LLC v. Spings Window Fashions*, LLC, 2018 WL 1911765, at *2 (N.D. Ill. Apr. 23, 2018); *ATC Healthcare Servs., Inc.*

11

*v. RCM Techs., Inc.*, 282 F. Supp. 3d 1043, 1050 (N.D. Ill. 2017) ("The likelihood of future harm occurring absent an injunction is an element of liability on the claim, not merely a separate element of damages.").

Plaintiff has failed to state a claim for relief because it only alleges past harm, and no threat of future misrepresentations exists that injunctive relief would cure. As shown above, Plaintiff concedes that the Hilti Firestop Box Insert has been eligible to bear the UL mark for the last two years—beginning on January 29, 2019. (*See* ECF No. 108, ¶¶35-46). Plaintiff does not allege facts to show that there is a threat of future misrepresentations to warrant injunctive relief. Therefore, Plaintiff fails to state a claim for relief as to its UDTPA claim.

**E.     Plaintiff Fails to State a Claim under the ICFA.**

Similar to Plaintiff's Lanham Act cause of action, claims brought under the ICFA must meet the heightened pleading standard of Rule 9(b). *Camasta v. Jos. A. Bank Clothier, Inc.*, 761 F. 3d 732, 737 (7th. Cir. 2014); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F. 3d 436, 446–47 (7th Cir.2011).

To state a claim under the ICFA, a plaintiff must allege: (1) the defendant's deception; (2) the defendant intended the plaintiff rely on that deception; (3) the deception occurred in commerce; (4) the plaintiff suffered actual damage; and (5) the deception proximally caused the damage. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180, 296 Ill. Dec. 448, 835 N.E.2d 801, 850 (2005).

Under the ICFA, a practice is deceptive if it "creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir.2001). Plaintiffs must allege facts suggesting a deceptive practice with particularity. *See Camasta*, 761 F.3d at 737–38 (dismissing the plaintiff's complaint because he did not provide sufficient facts to meet the 9(b) standard for the deceptive practice element); *Sefton v. Toyota Motor Sales U.S.A., Inc.*, 09 C 3787,

12

2010 U.S. Dist. LEXIS 37036, at *12–14, 2010 WL 1506709, at *4–5 (N.D.Ill. Apr. 14, 2010) (dismissing the plaintiff's complaint for failing to allege the deception with sufficient particularity).

As shown above, Plaintiff has not alleged facts suggesting a deceptive practice by Hilti with particularity under Rule 9(b). Plaintiff has not alleged that UL considered Hilti's Firestop Box Insert as non-compliant and that Hilti falsely advertised that it was. Furthermore, Plaintiff has not identified or described any misrepresentation or deceptive practice by Hilti. Plaintiff also makes no attempt to meet the proximate cause requirement necessary for its ICFA claim.

**F.     Plaintiff's claims under UDTPA and ICFA fail because it has failed to allege that the challenged conduct occurred substantially and primarily within the state of Illinois.**

The ICFA and the UDTPA have no extraterritorial effect. Illinois law requires that the challenged conduct occur substantially and primarily within the state of Illinois . *See Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 185, 296 Ill. Dec. 448, 835 N.E.2d 801 (Ill. 2005); *see also LG Elec. U.S.A., Inc. v. Whirlpool Corp.,* 809 F.Supp.2d 857, 859 (N.D. Ill. 2011); *Specht v. Google, Inc.*, 660 F.Supp.2d 858, 866 (N.D.Ill.2009*); Super Wash, Inc. v. Sterling,* No. 04 C 4618, 2006 WL 533362, at *2 n. 10 (N.D.Ill. Mar.2, 2006).

Courts are to use the following factors to guide this analysis: "(i) plaintiff's residence, (ii) where the deception occurred, (iii) where the damage to plaintiff occurred, and (iv.) whether the plaintiff communicated with defendants or its agents in Illinois[.]" *LG Elec. U.S.A., Inc.*, 809 F.Supp.2d at 860. Here, Plaintiff alleges that it is "organized and existing under the laws of the State of Georgia with its principal place of business at Suite 200, 5 Concourse Parkway, Atlanta, Georgia." (*See* ECF. 108, ¶2.) Plaintiff further contends that "on information and belief, Defendant Hilti, Inc. is a corporation organized and existing under the laws of the state of Oklahoma with its principal place of business at 7250 Dallas Parkway, Plano, Texas. *Id*. at ¶4. Plaintiff does not allege that Hilti made any misrepresentation in Illinois, much less that the challenged conduct occurred

13

"substantially and primarily" in Illinois. Plaintiff has also failed to allege that Hilti falsely advertised any product in Illinois and that Plaintiff sustained any damages in Illinois. As such, Plaintiff's claims under the UDTPA and ICFA must be dismissed.

## CONCLUSION

Defendant Hilti, Inc. respectfully requests this Court grant its Motion for Judgment on the Pleadings pursuant to Rule 12(c), thereby dismissing Plaintiff's statutory claims under the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and grant Hilti, Inc. all other and further relief, in both law and equity, to which it may be justly entitled.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Kenneth C. Meixelsperger
Kenneth C. Meixelsperger
Texas Bar No. 24031596
(admitted pro hac vice)
Email: kmeixelsperger@cplalaw.com
Jonathan Aldaco
Texas Bar No. 24093770
Email: jaldaco@cplalaw.com

8350 North Central Expressway, Suite 1500
Dallas, Texas 75206
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

**GOLDBERG KOHN LTD.**

Robert D. Leighton
55 East Monroe
Suite 3300
Chicago, Illinois 60603
Telephone: 312.863.7194

**ATTORNEYS FOR DEFENDANT HILTI, INC.**

4832-2833-7129, v. 2

**CERTIFICATE OF SERVICE**

    This is to certify that on May 25, 2021, I served the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                            /s/ Kenneth C. Meixelsperger
                                                            Kenneth C. Meixelsperger