IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FIREBLOK IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HILTI, INC., and RECTORSEAL LLC,<br><br>    Defendants. | Civil Action No.: 3:19-cv-50122<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF FIREBLOK'S MOTION
FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

 

Neil A. Benchell
DEVLIN LAW FIRM LLC
nbenchell@devlinlawfirm.com
815 North Elmwood Ave.
Oak Park, IL 60302
(302)-449-9010

*Attorney for Plaintiff
FireBlok IP Holdings, LLC*

Dated: December 29, 2021

**TABLE OF CONTENTS**

I. INTRODUCTION………………………………………………………………………………..1
II. STATEMENT OF FACTS ................................................................................................ 1
III. LEGAL STANDARD....................................................................................................... 3
IV. ARGUMENT .................................................................................................................... 4
    A. FireBlok Has Shown Good Cause And Has Been Diligent In Seeking To Amend. 4
    B. FireBlok's Proposed Amendment Will Not Cause Undue Delay ............................ 5
    C. FireBlok Did Not Act With Bad Faith Or Dilatory Motive ..................................... 6
    D. There Was No Repeated Failure To Cure Deficiencies By Amendments Previously Allowed ................................................................................................... 7
    E. Hilti and RectorSeal Would Not Be Unduly Prejudiced By Allowance of FireBlok's Proposed Amendment But FireBlok Would be Prejudiced By Denial .. 7
    F. FireBlok's Proposed Amendment Is Not Futile ....................................................... 8
    G. FireBlok's Proposed Amendment Would Promote Judicial Efficiency.................... 9
V. CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Alioto v. Town of Lisbon*,
   651 F.3d 715 (7th Cir. 2011) .................................................................................................. 3

*Asher v. Harrington*,
   461 F.2d 890 (7th Cir. 1972) .................................................................................................. 3

*Bank of Am., N.A. v. Gould*,
   No. 11 C 7658, 2012 U.S. Dist. LEXIS 106978 (N.D. Ill. July 31, 2012) ............................. 10

*Bell v. Taylor*,
   827 F.3d 699 (7th Cir. 2016) .................................................................................................. 3

*Bower v. Jones*,
   978 F.2d 1004 (7th Cir. 1992) ................................................................................................ 8

*Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*,
   No. 08 C 1116, 2009 U.S. Dist. LEXIS 15681 (N.D. Ill. Feb. 29, 2009) ................................ 3

*CMFG Life Ins. Co. v. RBS Sec., Inc.*,
   788 F.3d 729 (7th Cir. 2015) .................................................................................................. 3

*De Andrade Vitelo v. Brazzaz, LLC*,
   No. 09 C 01051, 2010 U.S. Dist. LEXIS 83934 (N.D. Ill. Aug. 16, 2010) ............................. 4

*Dubicz v. Commonwealth Edison Co.*,
   377 F.3d 787 (7th Cir. 2004) .................................................................................................. 6

*Foreman v. King*,
   No. 12 CV 50419, 2013 U.S. Dist. LEXIS 118264 (N.D. Ill. Aug. 20, 2013) ........................ 9

*Fuhrer v. Fuhrer*,
   292 F.2d 140 (7th Cir. 1961) .................................................................................................. 3

*General Elec. Capital v. Lease Resolution*,
   128 F.3d 1074 (7th Cir. 1997) ................................................................................................ 8

*Johnson v. Cypress Hill*,
   641 F.3d 867 (7th Cir. 2011) .................................................................................................. 5

*Krukowski v. Omicron Techs., Inc.*,
   No. 10 CV 5282, 2012 U.S. Dist. LEXIS 125238 (N.D. Ill. Aug. 29, 2012) .......................... 4

*Quadro Enters. v. Avery Dennison Corp.*,
   No. 97 C 5402, 1999 U.S. Dist. LEXIS 14904 (N.D. Ill. Sept. 8, 1999) ................................ 8

*T.S. v. Twentieth Century Fox Television*,
   No. 16 C 8303, 2021 U.S. Dist. LEXIS 108462 (N.D. Ill. June 10, 2021) ............................. 7

*Triteq Lock & Sec. LLC*,
   No. 10 C 1304, 2011 U.S. Dist. LEXIS 82245 (N.D. Ill. July 21, 2011) ........................... 3, 4

*W. Union Co. v. Kula*, No. 17-CV-00280,
   2017 U.S. Dist. LEXIS 232948 (N.D. Ill. June 13, 2017) ....................................................... 5

*Westwacker K-Parcel LLC v. Pac. Mut. Life Ins. Co.*,
   No. 05 C 4988, 2008 U.S. Dist. LEXIS 15943 (N.D. Ill. Mar. 3, 2008) ................................. 3

*Wilson v. Grundfos*,
   No. 16-cv-349, 2017 U.S. Dist. LEXIS 181625 (N.D. Ill. 2017) ........................................... 6

**Other Authorities**

6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2021) ............................................... 7

**Rules**

F.R.C.P 15(a)(2) ........................................................................................................................... 3

**I.     INTRODUCTION**

Based on newly produced evidence, Plaintiff FireBlok IP Holdings, LLC ("FireBlok") seeks to amend its complaint in order to add an additional false description claim under the Lanham Act. FireBlok's proposed amendment is based on Defendants' misuse of a certification mark from FM Approvals ("FM") attesting that Defendant Hilti, Inc.'s ("Hilti") Firestop Box Guard product has been tested and approved by FM. FM calls its certification mark the FM APPROVED mark. The new claim is similar to the existing Lanham Act claims for misuse of the UL Certification mark. In addition, FireBlok proposes to update the Complaint consistent with this Court's December 21, 2021, Memorandum Opinion and Order (Dkt. No. 166). (*See* Proposed Third Amended Complaint ("Complaint"), attached hereto as Exhibit 1.)

FireBlok recognizes that the deadline for amending the pleadings has passed. However, given the way this new evidence came to light, as well as the liberal standard for permitting pleading amendments, FireBlok believes that leave to file the attached Third Amended Complaint should be granted. This is all the more compelling in view of the fact that there is substantial overlap in facts and identical legal arguments with the earlier Lanham Act claim, the recent extension of fact discovery, that expert discovery has yet to begin, and the lack of deadlines for dispositive motions and a trial date.

**II.    STATEMENT OF FACTS**

On November 20, 2019, FireBlok filed its First Amended Complaint in this action, alleging, *inter alia*, numerous state law claims based on Hilti's misuse of the UL Certification mark. (Dkt. No. 36.) On April 30, 2021, this Court granted FireBlok's unopposed motion for leave to file a Second Amended Complaint (Dkt. No. 107) which led to FireBlok filing its Second Amended Complaint (Dkt. No. 108). The Second Amended Complaint added Defendant RectorSeal LLC ("RectorSeal") and Count VII, which is a Lanham Act claim for false description.

In response to the Second Amended Complaint, Hilti filed a Motion for Judgment on the Pleadings (Dkt. No. 125), seeking to dismiss the entire Second Amended Complaint. For its part, rather than answer the Second Amended Complaint, RectorSeal filed a Motion to Dismiss Plaintiff's Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 120.) On December 21, 2021, this Court ruled on both motions, dismissing the state law claims but denying Defendants' request to dismiss the Lanham Act claim.

As the Court is aware, the discovery process has been contentious, requiring FireBlok to seek the Court's assistance in obtaining relevant discovery from both Defendants. (*See* Dkt. Nos. 129 and 160.) FireBlok engaged with RectorSeal over a number of requests whose responses were deficient. After meeting and conferring over the disputes, on September 24, 2021, RectorSeal produced a number of email exchanges with Hilti. One of the emails from early 2019 revealed—for the first time—that Hilti pulled the FM certification for the Firestop Box Insert product in 2009, but the product label had never been redesigned to remove the FM APPROVED mark. (*See* RECTORSEAL-ILL000950, attached hereto as Exhibit 2.)[1]

To confirm that the FM APPROVED mark was improperly placed on the Firestop Box Insert label, on October 12, 2021, FireBlok issued a Rule 45 subpoena on FM with the goal of determining when that product was certified by FM. FM produced responsive documents on November 10, 2021. Those documents confirm that prior to March 2019, Hilti's product was not subject to the FM Private Labeler/Trade Agent Agreement that would have allowed FM to certify the Firestop Box Insert along with RectorSeal's product. There is no other evidence of FM having independently tested the Firestop Box Insert. Thus, the documents provided by FM support the fact that, until 2019, Hilti was not certified by FM even though its label contained the FM

---

[1] This Court previously ordered that Hilti produce, among others, correspondence with RectorSeal concerning the Firestop Box Insert product. (*See* Dkt. No. 154 at 3.) Although the document produced by RectorSeal falls within this category, Hilti never produced this correspondence.

2

APPROVED mark. This is consistent with, and confirmed the substance of, the email produced by RectorSeal.

### III. LEGAL STANDARD

When amendment of the pleadings is sought after the deadline set in the scheduling order, the court may (but need not) apply the heightened good-cause standard of Rule 16(b)(4) before considering whether Rule 15(a)(2) applies. *See Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016). The diligence of the party seeking amendment is the primary consideration in whether good cause has been shown. *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 788 F.3d 729, 749 (7th Cir. 2015); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). A party meets the good cause standard if it "promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, No. 08 C 1116, 2009 U.S. Dist. LEXIS 15681, at *1 (N.D. Ill. Feb. 29, 2009); *see also Triteq Lock & Sec. LLC*, No. 10 C 1304, 2011 U.S. Dist. LEXIS 82245, at *4–*5 (N.D. Ill. July 21, 2011) (good cause shown where plaintiffs first learned of facts related to new claim through discovery received after the deadline promptly moved for leave to amend).

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading . . . with . . . the court's leave." "The decisions of [the Seventh Circuit] support a liberal policy of granting amendments to the complaint." *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972). "Such liberal construction of the federal rules regarding amendments allows courts to decide cases 'on the merits rather than on bare pleadings.'" *Westwacker K-Parcel LLC v. Pac. Mut. Life Ins. Co.*, No. 05 C 4988, 2008 U.S. Dist. LEXIS 15943, at *3, at *1 (N.D. Ill. Mar. 3, 2008) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961)).

"Under the liberal amendment policy of the Federal Rule of Civil Procedure governing amendment of complaints, a district court's denial of leave to amend pleadings is appropriate only

in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Krukowski v. Omicron Techs., Inc.*, No. 10 CV 5282, 2012 U.S. Dist. LEXIS 125238, at *5 (N.D. Ill. Aug. 29, 2012). None of those circumstances exist in this case.

IV. **ARGUMENT**

Notwithstanding that the new evidence supporting FireBlok's proposed amendment was not produced until months after the Court's deadline for amending the pleadings (*see* Dkt. No. 93), which constitutes good cause for the timing of this Motion, granting FireBlok's proposed amendment is consistent with the liberal standards regarding amendment of pleadings in this Circuit. Moreover, it would reward defendants for withholding this document until what was then the close of fact discovery.[2] Because defendants cannot establish any undue prejudice, and FireBlok acted diligently in seeking to verify the facts and amend its pleadings accordingly, FireBlok's motion for leave should be granted.

    A. **FireBlok Has Shown Good Cause And Has Been Diligent In Seeking To Amend**

In these sorts of cases, a party can establish good cause by "show[ing] that despite his or her diligence, the time table could not have reasonably been met." *De Andrade Vitelo v. Brazzaz, LLC*, No. 09 C 01051, 2010 U.S. Dist. LEXIS 83934, at *8 (N.D. Ill. Aug. 16, 2010). That is precisely what FireBlok has done here. Given that the deadline for amending pleadings was May 28, 2021, FireBlok could not have amended its pleadings to include information that was not produced by defendants until nearly four months later, on September 24, 2021. *See Triteq Lock*, 2011 U.S. Dist. LEXIS 82245, at *4–*5. That late production of a crucial document supporting

---

[2] Since Hilti and RectorSeal are represented by the same attorneys, there was no excuse for having withheld this email from Hilti's document production.

4

the proposed amendment establishes good cause for FireBlok's proposed amendment to add a false description based on defendants' unauthorized use of the FM APPROVED mark.

Moreover, as set forth above, FireBlok has been diligent in seeking to investigate the newly produced evidence to ensure that its proposed amendment had sufficient basis under Rule 11. Within approximately three months of this information being produced, FireBlok confirmed the information through additional discovery and verified the facts so that it did not violate its obligations under the Rules. Concluding that FireBlok was somehow insufficiently diligent in seeking to amend would reward defendants' discovery gamesmanship of withholding responsive information until after the amendment deadline set in the case management order.

### B. FireBlok's Proposed Amendment Will Not Cause Undue Delay

"[T]he issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *W. Union Co. v. Kula*, No. 17-CV-00280, 2017 U.S. Dist. LEXIS 232948, at *4 (N.D. Ill. June 13, 2017) (citing *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011)). Here, fact discovery is still open, expert discovery has yet to begin, and dates for dispositive motions and trial have not yet been set. Thus, even though the Court's original deadline for amending the pleadings has passed (*see* Dkt. No. 93), FireBlok's proposed amendment will not substantially impact the case schedule.

Nor will the addition of the proposed false description claim for the FM APPROVED mark significantly impact the scope of this case. This new count involves the same legal issues regarding the same type of mark on the same products during the same time, as the current Lanham Act claim. In fact, the email from Hilti expressly linked the improper inclusion of the UL Certification mark and the FM APPROVED certification mark. Responding to RectorSeal's efforts to reinstate the UL Certification, Hilti's employee said, "[C]an we go ahead and do the same for FM as well?

5

I think this was pulled back in 2009 but I don't think the label was ever redesigned to remove the FM logo." (Ex. 2.)

Any minimal delay to the case schedule that may occur as a result of FireBlok's proposed amendment is more than compensated by the efficiency gained from having the same court adjudicate the entire dispute between the parties regarding the false advertising with improper certification marks. Even if the Court were to find that the addition of the false description claim for the FM APPROVED mark would cause some minimal delay, such delay cannot constitute undue delay in the absence of prejudice to defendants. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir. 2004) (holding that delay alone, without accompanying prejudice, was an insufficient reason to deny amendment); *Wilson v. Grundfos*, No. 16-cv-349, 2017 U.S. Dist. LEXIS 181625, at *4 (N.D. Ill. 2017) ("Delay on its own is usually not reason enough for a court to deny a motion to amend.").

### C. FireBlok Did Not Act With Bad Faith Or Dilatory Motive

In seeking to amend the Complaint, FireBlok has not acted with bad faith or dilatory motive. When FireBlok sought leave to file its Second Amended Complaint, it was not aware Hilti was also misusing the FM APPROVED mark. The only evidence FireBlok had was that Hilti, and by extension RectorSeal, were using the UL Certification mark on the Firestop Box Insert label and advertising when they were not entitled to do so. It was not until well into the latter stages of discovery that FireBlok had any reason to believe that the FM APPROVED mark was also improperly used with the Firestop Box Insert.

Shortly after receiving the evidence about the FM APPROVED mark, FireBlok diligently sought to confirm the underlying facts. After confirming the facts, FireBlok acted promptly to seek leave to amend the Complaint. Any delay by FireBlok in seeking to further amend the complaint was not a result of bad faith or attempting to delay the proceedings, but instead needing

6

to confirm that FireBlok had a sufficient factual and legal basis to allege another claim under the Lanham Act, consistent with Rule 11.

### D. There Was No Repeated Failure To Cure Deficiencies By Amendments Previously Allowed

This factor does not apply. FireBlok has not previously amended its Complaint to add a false description claim for the FM APPROVED mark, nor has the Court stricken any such pleading filed by FireBlok. Rather, this is a new claim based on discovery that should have been produced months ago but was not.

### E. Hilti and RectorSeal Would Not Be Unduly Prejudiced By Allowance of FireBlok's Proposed Amendment But FireBlok Would be Prejudiced By Denial

To determine whether there is prejudice, the Court must weigh, "[1] the hardship to the moving party if leave to amend is denied, [2] the reasons for the moving party failing to include the material to be added in the original pleading, and [3] the injustice resulting to the party opposing the motion should it be granted." *See T.S. v. Twentieth Century Fox Television*, No. 16 C 8303, 2021 U.S. Dist. LEXIS 108462, at *74–*75 (N.D. Ill. June 10, 2021) (citing 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2021)). As explained above, FireBlok had not included the false description claim for the FM APPROVED mark in prior pleadings because it did not know until recently (and had no reason to know beforehand) that Hilti had pulled back its FM certification in 2009.

Defendants would not suffer hardship or injustice by FireBlok's amendment. The FM APPROVED mark is analogous to the UL Certification mark, and concerns Hilti's Firestop Box Insert, the same product already at issue in this case. Adding the false description claim for the FM APPROVED mark consolidates all of the improper marking claims over Hilti's product into a single case. It also provides additional evidence of Hilti's blatant and repeated disregard for the use of and requirements for using these certification marks.

Nor would Defendants be prejudiced by this amendment. Clearly all of the evidence to support or dispute FireBlok's claim about the improper use of the FM APPROVED mark is solely within Defendants' possession. Importantly, because the Court extended discovery through the end of January, and can again for the exclusive purpose of obtaining discovery on this sole issue if needed, Defendants will not be precluded from obtaining discovery on this issue if needed. Moreover, the fact that this email was not produced until late in the discovery process, and only by RectorSeal (not Hilti, from whom it was originally sought much earlier) demonstrates that both RectorSeal and Hilti have purposely withheld relevant documents, thereby prejudicing FireBlok.

Thus, permitting this proposed amendment would serve to remove the prejudice already imposed on FireBlok by Defendants' discovery delay. By contrast, FireBlok would be prejudiced if this amendment were not permitted. Litigating a parallel case over the same products and overlapping conduct by Hilti and RectorSeal would require duplicative efforts in discovery and motion practice. Hence, allowing FireBlok's proposed amendment would permit this dispute to be adjudicated in a single case, while denying the proposed amendment would prejudice FireBlok by requiring it to litigate the same issues over multiple lawsuits.

### F. FireBlok's Proposed Amendment Is Not Futile

The Seventh Circuit has held that an amendment is futile when it "merely restates the same facts using different language," "reasserts a claim previously determined," "fails to state a valid theory of liability," or "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citations omitted); *Quadro Enters. v. Avery Dennison Corp.*, No. 97 C 5402, 1999 U.S. Dist. LEXIS 14904, at *11 (N.D. Ill. Sept. 8, 1999) ("Amendment is futile if the proposed claim would not survive a motion to dismiss under FED. R. CIV. P. 12(b)(6)." (citing *General Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1085 (7th Cir. 1997))). Hilti and RectorSeal bear "the burden of showing that the amendment would be futile." *Foreman v. King*,

8

No. 12 CV 50419, 2013 U.S. Dist. LEXIS 118264, at *4 (N.D. Ill. Aug. 20, 2013). Defendants cannot show that this amendment would be futile.

First, the proposed amendment is not vulnerable to an already decided Rule 12 motion to dismiss; FireBlok's false description claim based on the UL Certification Mark remains alive in this case. Presumably, the same arguments that Hilti marshaled against that claim would be made for the proposed amendment. But those arguments have already been rejected by the Court. Since the proposed amendment simply adds another false description claim based on the improper use of a mark from a different certification organization, those same arguments recycled here would suffer the same fate. As this Court held, FireBlok's Second Amended Complaint clearly stated a valid false description claim based on the UL Certification mark. (*See* Dkt. No. 166.) This new claim alleging a false description claim for defendants' misuse of the FM APPROVED mark presents neither substantial differences in fact nor in law. Likewise, there is clearly a justiciable controversy between the parties with respect to Defendants' use of the FM APPROVED mark, just as there is with the UL Certification mark already at issue.

### G. FireBlok's Proposed Amendment Would Promote Judicial Efficiency.

FireBlok could seek to start from scratch with its false description claim based on the FM APPROVED mark being improperly applied to the Firestop Box Insert. However, adding that claim to this suit would promote judicial economy given the undeniable overlap in both the circumstances surrounding the misapplication of the false certification marks at issue and the actual accused products.

Other than the timing of when Hilti was authorized to use the certification marks, all the same elements and allegations that were set forth for the UL Certification mark apply in full force to the claim concerning the FM APPROVED mark. It would be "unnecessary and wasteful to request that the Court expend its resources on claims that can easily be tried together." *Bank of*

9

*Am., N.A. v. Gould*, No. 11 C 7658, 2012 U.S. Dist. LEXIS 106978, at *17 (N.D. Ill. July 31, 2012). Adding the false description claim for the FM APPROVED mark to this action would conserve judicial resources by allowing the parties to resolve all of their disputes in a single case before a single court.

## V. CONCLUSION

For the reasons set forth above, FireBlok seeks leave to file a Third Amended Complaint to add an additional false description claim for misuse of the FM APPROVED mark on the Firestop Box Insert.

Dated: December 29, 2021

DEVLIN LAW FIRM LLC

/s/ *Neil A. Benchell*
Neil A. Benchell
nbenchell@devlinlawfirm.com
815 North Elmwood Ave.
Oak Park, IL 60302
(302)-449-9010

*Attorney for Plaintiff*
*FireBlok IP Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on December 29, 2021.

*/s/ Neil Benchell*
Neil Benchell
