IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **FIREBLOK IP HOLDINGS, LLC,**  Plaintiff,  v.  **HILTI, INC. and RECTORSEAL, LLC,**  Defendants. | Civil Action No. 3:19-cv-50122  Hon. Iain D. Johnston |

**DEFENDANTS' RESPONSE IN OPPOSITION TO FIREBLOK
IP HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE A THIRD AMENDED
COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendants Hilti, Inc. ("Hilti") and RectorSeal, LLC ("RectorSeal") (collectively "Defendants") file this Response in Opposition to FireBlok IP Holdings, LLC's ("Plaintiff") Motion for Leave to File a Third Amended Complaint and Memorandum in Support ("Motion").

### INTRODUCTION

This case was filed in May 2019 and has been pending for more than two and a half years. More than a year ago, on November 24, 2020, the Court set a May 28, 2021 deadline for amended pleadings in this case. (ECF No. 93.) On June 22, 2021, this Court reiterated the *past* deadline for amended pleadings in a revised case management order. (ECF No. 140.) Plaintiff has had years of discovery and multiple prior opportunities to settle upon a theory of this case. Plaintiff's claims have morphed several times since this case was filed but, since November 2019, this case has been about alleged improper use of the UL certification mark. Yet now, at the eleventh hour, eight

1

months after the deadline to amend pleadings, with fact discovery nearly closed, [1] Plaintiff attempts to file a *third* amended complaint in order to add an entirely new theory of liability into this action that is unrelated to UL certification. Specifically, Plaintiff now wants to make this case about the use of an entirely separate third-party mark: the FM Approval mark. Plaintiff's proposed Third Amended Complaint also seeks a new category of damages.

Plaintiff attempts to explain that its delay in adding its allegations and cause of action is based on an email produced in September 2021 and "newly produced evidence" it received from FM Approval on November 10, 2021 in response to Plaintiff's third-party subpoena. But none of this evidence is "newly produced." An email produced months ago is hardly newly produced. If Plaintiff believed, as it claims, that this email was a "smoking gun," Plaintiff could have and should have indicated at least a potential need to amend its pleadings as the end of discovery neared and the Parties submitted multiple status reports to this Court—Plaintiff did not. Instead, Plaintiff stayed silent over the final months of discovery, during which Plaintiff knew Defendant would be conducting its 30(b)(6) deposition of Plaintiff. If Plaintiff believed this email or the other FM Approval documents necessitated fresh pleadings more than two years into this case, it could have so informed the Court in one of *three* status reports submitted to the court since Plaintiff received the email in question.[2] Moreover, Plaintiff has been in possession of the other FM Approvals documents purporting to justify its newly-minted theory *since* 2019.

In its Motion, Plaintiff further contends that the Court should follow the liberal standard for amending pleadings under Federal Rule of Civil Procedure 15(a)(2). However, this Court has explicitly stated that the heightened good-cause standard of Federal Rule of Civil Procedure

---

[1] The deadline to conduct fact discovery has been extended three times since this lawsuit was filed in 2019.
[2] The Parties submitted status reports to the Court on October 4, 2021 (ECF No. 155), December 10, 2021 (ECF No. 163), and December 23, 2021 (ECF No. 167).

16(b)(4) should govern when a motion for leave to amend a complaint is filed after the amended pleadings deadline. Regardless of which standard the Court chooses to apply, Plaintiff's Motion should be denied pursuant to both Federal Rule of Civil Procedure 16(b)(4) and 15(a)(2). Specifically, Plaintiff has not shown good cause for its failure to amend the complaint prior to the amended pleadings deadline under Rule 16(b)(4). In addition, Plaintiff's undue delay in seeking this amendment and the resulting prejudice to Defendants and the Court upon granting Plaintiff's Motion are grounds for a denial under Rule 15(a)(2). As such, Plaintiff's Motion for Leave to file its Third Amended Complaint should be denied.

## FACTUAL BACKGROUND

On May 22, 2019, Plaintiff filed this lawsuit against Hilti and asserted patent infringement causes of action and statutory claims arising under the UDTPA and ICFA. Specially, Plaintiff's UDTPA and ICFA claims were based on the factual allegations that the Hilti Firestop Box Insert was improperly labeled with a patent[3] "even though it did not practice the invention of the patent"—**Plaintiff's first legal theory against the Hilti Firestop Box Insert label**. (ECF No. 1 at ¶¶32-38.)

At the time of Plaintiff's filing of this lawsuit, Plaintiff and Hilti were engaged in a parallel lawsuit pending in United States District Court for the Eastern District of Texas (the "Texas Lawsuit").[4] During the Texas Lawsuit, Plaintiff propounded third-party subpoenas upon UL, LLC and FM Approvals, LLC. (*See* Exhibit A.) On or about **September 5, 2019**, FM Approval produced 374 pages of documents to Plaintiff in response to Plaintiff's Third-Party Subpoena, including a Master Agreement and a Private Labeler Agreement between Hilti, RectorSeal and FM Approval.

---

[3] U.S. Patent No. 6,252,167 ("the '167 patent.")
[4] Civil Action 2:19-cv-00032; *FireBlok IP Holdings, LLC v. Hilti, Inc.*; In the United States District Court for the Eastern District of Texas, Marshall Division.

(*See* Exhibit B)[5]. The two contracts show that the Hilti Firestop Box Insert was/is certified by FM Approval because the product manufactured as the Metacaulk Box Guard by RectorSeal is a certified product.

On November 1, 2019, Hilti filed its motion for summary judgment in the Texas Lawsuit asserting a license defense.

On November 13, 2019, Plaintiff filed its first Motion for Leave to File its First Amended Complaint in this matter to "add factual allegations and additional claims under the [UTPA], and the [ICFA]." Specifically, Plaintiff sought leave to assert allegations that Hilti now violated the UTPA and the ICFA because the Hilti Firestop Box Insert was improperly labeled with the UL Certification mark—**Plaintiff's second legal theory against the Hilti Firestop Box Insert label**. Plaintiff asserted that its allegations were based on documents it received from UL in response to its third-party subpoena propounded in the Texas Lawsuit.[6] The Court granted Plaintiff's Motion for Leave, and on November 20, 2019, Plaintiff filed its First Amended Complaint. (ECF No. 35 and ECF No. 36.) Despite having received over 300 pages of documents from FM Approval, Plaintiff did not assert FM Approval allegations.

On February 27, 2020, the Court in the Texas Lawsuit granted Hilti's motion for summary judgment and dismissed Plaintiff's claims with prejudice. The next day, Plaintiff filed an

---

[5] Defendants do not attach all 374 pages produced by FM Approvals to not burden the Court with a voluminous production not at issue in Plaintiff's Motion for Leave. FM Approval did not Bates label its production. However, the Master Agreement and a Private Labeler Agreement were the first 7 pages of the 374 page production.

[6] Hilti's Interrogatory No. 8 requests that Plaintiff "[s]tate when and how you first became aware that 'Hilti Firestop Box Insert Products were not authorized to contain the UL Certification Mark…" Plaintiff responded and stated "… ***UL produced documents in the parties' earlier patent infringement litigation in Texas***. Among other documents produced were the Multiple Listing Correlation Sheets for RectorSeal's Metacalk Box Guard product…While reviewing these documents at some point after receiving these documents, but before UL's deposition on October 29, 2019, FireBlok's counsel discovered that Hilti's Firestop Box Insert was not multi-listed with RectorSeal's product from August 1, 2008 until January 28, 2019." (*See* Exhibit C, pgs. 8-9.) (emphasis added.) While Plaintiff's theory of liability is wrong, it's clear that Plaintiff is not shy to assert causes of action based on documents it receives from different lawsuits.

unopposed motion to voluntarily dismiss its patent infringement causes of action in this matter, leaving only Plaintiff's allegations that the Hilti Firestop Box Insert was improperly labeled as UL certified. (ECF No. 59 and ECF No. 62). The Court granted Plaintiff's unopposed motion on March 2, 2020.

Thereafter, on November 23, 2020, the parties filed a joint proposed case management order. (ECF No. 92.) On November 24, 2020, the Court adopted and modified the proposed case management order and set May 28, 2021 as the deadline to amend pleadings, new counts or parties and third-party complaints. August 30, 2021 was the Court ordered deadline to conduct fact discovery. (ECF No. 93.)

Two months later, January 19, 2021, Plaintiff propounded its first set of written discovery requests upon Hilti.

Thereafter, on April 16, 2021, Plaintiff filed its second Motion for Leave to file a Second Amended Complaint to "(1) add RectorSeal, LLC as a defendant, and (2) add a new count under the Lanham Act based on the factual allegations that the Hilti Firestop Box Insert was not UL Certified, but that Defendants labeled and advertised or promoted that it was. (ECF No. 102.)[7] Plaintiff did not assert FM Approval allegations. Subsequently, on April 30, 2021, Plaintiff filed its Second Amended Complaint. (ECF No. 108.) As a result, the Court extended the fact discovery deadline to November 30, 2021. (ECF No. 140.)

On May 12, 2021, Plaintiff served its first requests for production on RectorSeal. On September 21, 2021, the parties met and conferred to discuss Plaintiff's refusal to produce documents responsive to Hilti's written discovery requests and RectorSeal's initial objections and

---

[7] Hilti did not oppose Plaintiff's Motion for Leave because it was filed before the prescribed amended pleadings deadline and because Hilti believed it was more appropriate to challenge the substantive sufficiency of Plaintiff's complaint via a Rule 12 motion.

5

responses. On September 24, 2021, RectorSeal provided Plaintiff additional documents responsive to Plaintiff's request for production, including RECTORSEAL-ILL000950.[8] As of September 24, 2021, Plaintiff was in possession of the FM Approval documents *and* RECTORSEAL-ILL000950—the very documents Plaintiff relies upon for its Motion for Leave.

On October 4, 2021, the parties filed a Court ordered joint status report advising the Court as to the status of the case and the need for an extension of the discovery deadline. **Plaintiff remained silent on the need for leave to file an amended complaint**. (ECF No. 156.)

On November 16, 2021, the Parties filed a status report and a Joint Motion to Extend Discovery to conduct the deposition of Plaintiff's corporate representative.[9] (ECF No. 157 and ECF No. 158.) On November 17, 2021, the Court granted the Parties' Motion and instructed the parties to file a joint status report by December 10, 2021, updating the Court on the status of "close of fact discovery, any possible expert discovery, plans for dispositive motions…" (ECF No. 159.)

On November 19, 2021, Plaintiff filed its Motion to Compel against RectorSeal. **Plaintiff remained silent on the need for leave to file an amended complaint**.

On December 10, 2021, pursuant to the Court's order, the parties filed their Joint Status Report advising the Court as to the status of the case. **Plaintiff remained silent on the need for leave to file an amended complaint**. (ECF No. 163.) In response to the parties' Joint Status Report, the Court, on its own, extended the fact discovery deadline to January 31, 2022. The Court further instructed the parties to file a Joint Status report by December 23, 2021. (ECF No. 164.)

On December 22, 2021, pursuant to the Court's order, the parties discussed and agreed to their proposed Joint Status Report. **Plaintiff again remained silent regarding the need for leave**

---

[8] See Exhibit 2, attached to Plaintiff's Motion.
[9] Defendants originally scheduled the deposition to take place on November 16, 2021, but Plaintiff informed Defendants that it was not available at that time.

**to file an amended complaint**. (Exhibit D). The *next* day and on the eve of the fact discovery deadline, Plaintiff informed Defendants that it intended to seek leave to amend its complaint to "add an additional Lanham Act claim for false description over the use of the FM APPROVED mark with the Firestop Box Insert." (Exhibit E.)

## LEGAL STANDARD

Plaintiff's contention that this Court should apply the more lenient standard outlined in Rule 15(a)(2) goes against well-established case law in the 7th Circuit. Instead, Rule 16(b)(4) governs when a plaintiff files a motion for leave to file an amended complaint after the amended pleadings deadline. *Driveline Sys., LLC v. Arctic Cat, Inc.*, No. 08-CV-50154, 2014 WL 6674721, *2 (N.D. Ill. Nov. 24, 2014). "Rule 16 is designed to ensure that 'at some point both parties and the pleadings will be fixed.'" *Id.* (quoting Rule 16, 1983 advisory committee's notes). Rule 16 prevents plaintiffs from endlessly amending its complaints because "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *D.A.N. Joint Venture III, L.P. v. Touris*, Case No. 18-CV-349, 2021 WL 365609, *3 (N.D. Ill. Feb. 3, 2021) (internal citations omitted). "To amend a pleading after the expiration of the trial court's [s]cheduling [o]rder deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005)). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Elmhurst Lincon-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 669 (N.D. Ill. 2016) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). A court of appeals reviews the denial of a motion for leave to amend for an abuse of discretion. *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016). The Seventh Circuit and its district courts have frequently held that plaintiffs have not shown good cause to seek leave to

7

amend a complaint after the court-ordered amended pleadings deadline has passed. *See Bell*, 827 F.3d at 706 (affirming order denying a plaintiff's motion for leave to amend its complaint because the plaintiff did not show good cause from relief from the amended pleadings deadline which passed nearly eight months prior to his attempt to amend); *Adams v. City of Indianapolis, 742 F.3d 720 (7th Cir. 2014)* (6 months after amended pleadings deadline); *Alioto,* 651 F.3d at 720 (8 months after amended pleadings deadline); *Carroll v. Stykr Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) (7 months after the amended pleadings deadline); *Trustmark Ins. Co.*, 424 F.3d at 553 (9 months after amended pleadings deadline).

I. **Plaintiff fails to show good cause to amend its Second Amended Complaint.**

Plaintiff seeks leave to file an amended complaint eight months after the parties' amended pleadings deadline. To support its Motion for Leave, Plaintiff argues that it has shown good cause by acting diligently after receiving RECTORSEAL-ILL000950 in September 2021. Specifically, Plaintiff contends that after it received this email, it propounded a third-party subpoena upon FM Approvals "to investigate the newly produced evidence (RECTORSEAL-ILL000950) to ensure that its proposed amendment had sufficient basis under Rule 11." (*See* ECF No. 171, pg. 8). Plaintiff claims that the new documents from FM Approvals, coupled with RECTORSEAL-ILL000950, confirms that the Hilti Firestop Box Insert was improperly labeled with the FM Approval mark. (*Id*.) As a result, Plaintiff claims it must seek leave to amend its complaint. Tellingly, Plaintiff neglects to inform the Court that the "new documents" were produced to Plaintiff in 2019 and that the documents are two contracts: (1) FM Approval's Master Agreement and (2) Private Labeler Agreement between Hilti and RectorSeal. (Exhibit F).[10]

---

[10] As Plaintiff is aware from the Texas Lawsuit, FM Approval's protocol in responding to third-party subpoenas is to provide their customer (RectorSeal) with the ability to review responsive documents before production in order to give their client the ability to object and/or designate documents as confidential. Since the filing of Plaintiff's Motion

The documents Plaintiff relies upon to support its Motion do not support Plaintiff's lack of diligence in prosecuting its case or good cause. Instead, the documents and the timeline demonstrate that Plaintiff could have and should have indicated a need to amend its pleadings earlier. By September 2021, Plaintiff had its in its possession all of the documents supposedly justifying its shifting case theory. But Plaintiff remained silent during three separate status reports to the Court and waited until the holidays and the eve of the fact discovery deadline to seek leave from this Court. (Exhibit E.)

Furthermore, these documents do not support Plaintiff's contention that the Defendants improperly labeled the Hilti Firestop Box Insert. Instead, the contracts establish that, like in the Texas Lawsuit, the Hilti Firestop Box Insert and the RectorSeal Metacaulk Box guard are identical products and that the Hilti Firestop Box Insert was/is certified by FM Approval based on the Metacaulk Box Guard being an FM Approval certified product.

## II.   Plaintiff's Motion for Leave should be denied under Fed. R. Civ. P. 15(a)(2)

Even if the Court chooses to analyze Plaintiff's Motion for Leave under Rule 15(a)(2), Plaintiff's Motion for Leave should be denied because Plaintiff has also failed to satisfy the more lenient standard outlined in Rule 15(a)(2). The two most important factors in determining whether to allow pleadings to be amended pursuant to Federal Rule of Civil Procedure 15(a)(2) are "delay and prejudice." *Driveline Sys., LLC*, 2014 WL 6674721, at *3.

Plaintiff contends that its Third Amended Complaint will not cause undue delay and Defendants will not be unduly prejudiced because fact discovery is still open, expert discovery has not begun, and the dispositive motion deadline and trial date have not been set. (ECF No. 171 at Pg. 5.) Plaintiff also contends that its proposed amendment will not impact the scope of the case

---

for Leave, FM Approval has produced additional documents in response to Plaintiff's third-party subpoena in this lawsuit. These additional documents were also previously produced in the Texas Lawsuit.

9

because any delay to the case schedule will be "minimal." *Id.* at Pg. 6. This is incorrect. By the time Plaintiff files its reply in support for its Motion for Leave, the Motion is heard, and the Court rules on the Motion, the deadline for fact discovery (January 31, 2022) will have passed. Permitting Plaintiff to again shift its theory of liability in this case will, at a minimum, require re-opening and extending the discovery period for the fourth time. Courts routinely deny similar motions for leave to amend. *Morningware, Inc. v. Hearthware Home Products, Inc.*, No. 09-C-4348, 2011 WL 5239226, *2 (N.D. Ill. Nov. 1, 2011); *see also Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend complaint brought three days before the close of discovery); *Coleman v. Ramada Hotel Operating Co.,* 933 F.2d 470, 473 (7th Cir. 1991) (affirming denial of leave to amend complaint brought at the close of discovery); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir. 1986) (affirming denial of leave to amend brought two weeks before the close of discovery because plaintiff was "less than diligent" and the amendment prejudiced the defendant).

Here, Plaintiff's proposed new Lanham Act cause of action and new claim for damages are based on certification standards of FM Approvals, a third-party who authorizes the use of its mark based upon its certain criteria. Consequently, the parties will have to conduct written and oral discovery on whether the Hilti Firestop Box Insert met FM Approval certification criteria in 2009 through 2019, and whether Defendants' use of the FM Approval mark proximately caused Plaintiff to sustain injuries to its commercial interest in sales or business reputation. *Lexmark International, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1392 (2014). Had the Defendants known that Plaintiff planned to challenge its use of the FM Approval mark, it would have conducted discovery differently, including the type of questioning during the deposition of Plaintiff's corporate representative taken on December 7, 2021—a time in which Plaintiff had the documents

10

from FM Approvals and RECTORSEAL-ILL000950. Plaintiff's delay is substantial and will unduly prejudice Defendants and the Court. As such, Plaintiff's Motion should be denied.

**III.     Plaintiff's Motion for Leave should be denied on grounds of dilatory motive.**

Plaintiff's eleventh-hour attempt to take this litigation in an entirely new direction appears calculated to prolong the litigation process. A constantly shifting theory of liability and never-ending discovery are the tactics Plaintiff has employed in this case to inflict maximum cost on Defendants. *See Figgie Intern. Inc. v. Miller*, 966 F.2d 1178, 1180-1181 (7th Cir. 1992) (holding that the plaintiff's motion for leave to amend was taken in bad faith for mischaracterization of evidence); *see also Ferguson v. Roberts*, 11 F.3d 696, 707 (7th Cir. 1993) (affirming the district court's denial of the plaintiff's motion for leave to amend due the "seemingly dilatory nature of the request" due to plaintiff's delay in seeking leave to amend one month before the close of discovery).

Like in *Ferguson*, Plaintiff filed its Motion for Leave, one month before the close of discovery and is similarly dilatory in nature. Plaintiff attempts to explain to the Court that its delay in adding its allegations and cause of action is based on "newly produced evidence" it received from FM Approvals on November 10, 2021. However, as explained above, the recently produced FM Approvals documents are not new. They are two contracts that were previously produced to Plaintiff in 2019.

Plaintiff contends that "RectorSeal and Hilti have purposely withheld documents." (ECF No. 171, pg. 11.) Specifically, Plaintiff contends that Hilti failed to provide the email Bates labeled as RECTORSEAL-ILL000950 after the Court granted Plaintiff's motion to compel and ordered Hilti to produce certain documents by August 31, 2021. Plaintiff complains that instead, it received RECTORSEAL-ILL000950 from RectorSeal 24 days later. (*Id.*) Despite Plaintiff's contentions, RECTORSEAL-ILL000950 was not withheld and was properly produced to Plaintiff.

11

Defendants Hilti and RectorSeal are two separate companies. On August 31, 2021, Hilti produced additional documents to Plaintiff pursuant to the Court's order granting Plaintiff's Motion to Compel. At that time, Hilti produced documents within its possession and control. Thereafter, Plaintiff pounded discovery requests upon RectorSeal. Consequently, RectorSeal produced documents within its possession and control, including RECTORSEAL-ILL000950. No documents were improperly withheld. Instead, each Defendant produced documents responsive to Plaintiff's discovery requests based on the information and documents within each Defendant's possession.

If there was any delay in producing RECTORSEAL-ILL000950, it is due to Plaintiff's dilatory actions. Since 2016, Plaintiff has been aware that RectorSeal manufactured and labeled the Firestop Box Insert for Hilti pursuant to a Terms and Conditions contract. Since 2019, the parties have also litigated over RectorSeal's manufacturing of the Firestop Box Insert in two separate lawsuits.[11] Nevertheless, Plaintiff waited until April 30, 2021 to add RectorSeal to this case. Plaintiff could have added RectorSeal as a defendant and propounded discovery upon RectorSeal. However, Plaintiff waited for over two years to add RectorSeal as a party. That was a tactical choice by Plaintiff—and it should not serve to extend this case further.

### IV. Plaintiff's proposed Third Amended Complaint would not promote judicial efficiency.

Plaintiff alleges that adding its proposed false description claim for the FM APPROVED mark would "conserve judicial resources" by allowing Plaintiff to resolve all of its grievances against Defendants in a single case. (ECF. No. 171, pgs. 9-10.) However, if the Court grants

---

[11] The Texas Lawsuit and Civil Action 4:19-cv-00504-SDJ; *RectorSeal, LLC v. FireBlok IP Holdings, LLC*.; In the United States District Court for the Eastern District of Texas, Marshall Division, which is still currently pending.

Plaintiff's Motion for Leave, Plaintiff will be permitted to further delay the outcome of this already two and a half year litigation by *again* shifting its theory of liability.

Granting Plaintiff's Motion for Leave to amend its complaint for a third time, will further extend this lengthy, contentious litigation by causing the extension of the discovery period for a third time. This will result in Defendants' expenditure of more time and money to defend against Plaintiff's new claims through oral and written discovery. Plaintiff contends that its new FM Approval claim "is similar to the existing Lanham Act claims" and will "involve[] the same legal issues." (ECF No. 171, pgs. 1 and 5.) This is simply not true. FM Approvals and Underwriters Laboratories and two separate companies with each having their own distinct certification approval criteria. The record is currently devoid of any information concerning the FM Approvals process, or how FM Approvals permits its certification mark to be used. The record lacks any information concerning how the FM Approvals mark may, or may not, have been used by any party over time; it lacks any information concerning whether any party had express or implied permission from FM Approvals to use any mark; and it lacks any information concerning whether and how use of the FM Approvals mark affects any consumer purchasing decisions with respect to the products at issue, or other issues relating to FM Approvals and any supposed damages. In short, adding this new claim would not result in just a small amount of "clean up" discovery or an extra deposition. It would require fulsome additional discovery.

Further, the interests of justice will not be promoted because this inevitable delay in resolving this lawsuit will cause harm to this Court and other litigants. As explained by this Court:

> A district court can deny amendments when concerned with the costs that protracted litigation places on courts. The interests of justice go beyond the interests of the litigants in a particular case; delay in resolving a case may harm other litigants by making them wait longer in the court queue.

*Driveline Sys.,* 2014 WL 6674721, at *4.

4854-7065-4218, v. 1

The Court should not permit Plaintiff's constantly-evolving theories of liability. Permitting a third amended complaint to add new claims and new types of damages will prejudice Defendants and burden the judicial system by further extending this case's deadlines. As a result, Plaintiff's Motion for Leave should be denied because Plaintiff's proposed amendment does not promote judicial efficiency.

## CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court deny Plaintiff Fireblok IP Holdings, LLC's Motion for Leave to File a Third Amended Complaint in its entirety. Defendants also respectfully request all other and further relief, both in law and in equity, to which they may be justly entitled.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Kenneth C. Meixelsperger
    Kenneth C. Meixelsperger
    Texas Bar No. 24031596
    (admitted pro hac vice)
    Email: kmeixelsperger@cplalaw.com
    Jonathan Aldaco
    Texas Bar No. 24093770
    (admitted pro hac vice)
    Email: jaldaco@cplalaw.com

    8350 North Central Expressway, Suite 1500
    Dallas, Texas 75206
    (214) 265-7007 Telephone
    (214) 265-7008 Facsimile

**GOLDBERG KOHN LTD.**

    Robert D. Leighton
    55 East Monroe
    Suite 3300
    Chicago, Illinois 60603
    Telephone: 312.863.7194

**ATTORNEYS FOR DEFENDANTS
HILTI, INC. & RECTORSEAL, LLC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, via electronic transmission on January 28, 2022.

    /s/ Kenneth C. Meixelsperger
    Kenneth C. Meixelsperger