IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FIREBLOK IP HOLDINGS, <br><br> *Plaintiff,* <br><br> v. <br><br> HILTI, INC., AND RECTORSEAL, LLC <br><br> *Defendants.* | Case No.: 19-cv-50122 <br><br> JUDGE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

On May 22, 2019, Plaintiff FireBlok IP Holdings brought this action against Defendants Hilti, Inc. and RectorSeal, LLC (Defendants), alleging claims for uniform deceptive trade practices, consumer fraud and deceptive business practices, false designation of origin, and false marking. Dkt. 1. Several claims have been added, and several others have been dismissed throughout these proceedings. Now, false advertising and false association[1] are the two claims that remain. Dkt. 200.

The case now comes before the Court on FireBlok's motion for summary judgment. Dkt. 316. Per its standing order, the Court held pre-filing conferences before the summary judgment motion was filed. The Court asked several pointed questions on whether filing a summary judgment motion was appropriate under these circumstances. FireBlok repeatedly insisted the filing was appropriate and a good use of resources. It was wrong. The Court recognizes that it can't stop FireBlok—or any other party—from filing summary judgment motions. But whether

---

[1] This claim is referenced by the parties using several different names but, for the sake of clarity, it will be referred to as false association throughout this opinion.

1

a party *can* do something is a very different question than whether a party *should* do something. *See Hernandez v. Williams*, 2025 WL 789382, at *2 n. 1 (N.D. Ill. Mar. 12, 2025). For the following reasons, FireBlok's motion for summary judgment is denied.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the "evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008).

A genuine dispute of material fact exists if a reasonable jury could return a verdict for the nonmovant; it does not require that the dispute be resolved conclusively in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). However, "[s]peculation is insufficient to withstand summary judgment." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1127 (7th Cir. 1996). Indeed, "the nonmoving party 'must do more than simply show there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

When, as in this case, the party moving for summary judgment also bears the burden of proof at trial, an additional word about the legal standard merits note. A summary judgment motion is typically filed by a party who does not bear the ultimate burden of persuasion and thus only requires a simple showing of an absence of evidence supporting any essential element. *See Modrowski v. Pigatto*, 712 F.3d 1166,

1168 (7th Cir. 2013). Conversely, a party with the burden of proof at trial has a higher burden at the summary judgment stage in that it must "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *see also Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). Thus, a movant who bears the burden of proof at trial can only prevail by proving *each* element with sufficient evidence that compels one and only one conclusion; namely, it must prevail as a matter of law based on the record before the court.

## BACKGROUND

The parties each submitted their statements of material facts and responses to those statements in accordance with Local Rule 56.1(a)(2). Dkt. 331, 333, 338. Unfortunately, the parties seem to misunderstand the purpose of Local Rule 56.1 which "is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). The rule was intended to simplify the summary judgment process, but unfortunately the rule is generally only honored in the breach, resulting in an unnecessarily complicated process. *See Pursley v. City of Rockford*, No. 18-cv-50040, 2024 U.S. Dist. LEXIS 42105, at *4 (N.D. Ill. Mar. 11, 2024).

The Rule provides that the statement "shall consist of short numbered

paragraphs" to which the opposing party is required to file "a response to each numbered paragraph." L.R. 56.1(a)-(b). Although the parties seem to comprehend this basic foundation, the parties apparently don't understand that Rule 56.1 Statement Responses are not the place to introduce new facts "that go well beyond the facts asserted" in the initial statements nor are these statements the appropriate route by which to make legal arguments. *Bolden v. Dart*, 2013 WL 3819638, at *2 (N.D. Ill. July 23, 2013); *see also* L.R. 56.1(e)(2). Most notably, FireBlok directly contravenes the Rule by filing a reply to Defendants' response despite no such reply being permitted in this Court. L.R. 56.1(f). As a result of this failure to strictly comply with the rules, the new assertions presented in FireBlok's reply will be ignored.

The Court has nonetheless taken the time and care necessary to determine precisely which facts are undisputed for the purpose of this motion. In the future, when before this Court, counsel should take care to strictly comply with all relevant rules.

This action concerns Defendants' use of the UL certified mark and FM approved mark on their product, the Firestop Box Insert. *See* Dkt. 200, Pl.'s Third Am. Compl. More specifically, FireBlok alleges that Defendants' use of these marks constitutes "false description" in violation of the Lanham Act. *See id.* at *13-15.

Defendants include Hilti, Inc. and RectorSeal, LLC, two companies who jointly manufacture and sell the Firestop Box Insert. Dkt. 331, Plaintiff's Statement of Facts, ¶ 6. Plaintiff FireBlok is a corporation that sells the FireBlok Gasket. Dkt. 333, Defendants' Statement of Facts, ¶ 2.

4

According to UL's website, a product with the UL certification mark is one that UL found to meet UL's requirements by a representative sample. Dkt. 331, at ¶ 1. According to FM's website, an FM approved mark denotes that a product has completed FM's testing process. *Id.* at ¶ 2.

At no point has FireBlok's product been FM approved. Dkt. 333, at ¶ 6. The product also had its UL certification withdrawn on March 28, 2023. *Id.* at ¶ 15.

RectorSeal sent an email to UL on August 1, 2008, that requested UL withdraw its certification. Dkt. 331, at ¶ 18. On the same day, RectorSeal also sent an email to FM that led FM to withdraw its listing. *Id.* at ¶ 19. The label on the Firestop Box Insert has contained the UL certification mark continuously since 2008. Dkt. 200, ¶ 113. The label has also included the FM approved mark continuously since 2009. *Id.* at ¶ 128.

## DISCUSSION

The Lanham Act creates liability for harm done by falsely designating a product as being approved by or associated with another in 15 U.S.C. § 1125(a)(1)(A) and liability for harm done by providing a false or misleading description of fact in the advertisement of a product in 15 U.S.C. § 1125(a)(1)(B). The Supreme Court has explained that these clauses create two *distinct* bases of liability for false association and false advertising. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). To be abundantly clear, a false association claim arises when a defendant improperly suggests some sort of connection between their product and another person—hence the use of the word "association." In contrast, a false

5

advertising claim arises when a defendant incorrectly describes the product itself.

Unfortunately, FireBlok seems to misunderstand this difference. FireBlok argues that Defendants' use of the marks "claims a sponsorship or approval that does not exist," *and* "misrepresents the nature, characteristics and quality of the product," creating an undifferentiated amalgam of a claim. Dkt. 330, at *2. FireBlok correctly outlines the elements of false association but makes no attempt to identify and analyze the separate elements of false advertising. *Id.* at *5. Then, using the elements of a false association claim, FireBlok argues that it has proven "false description," seemingly encompassing both its false association and false advertising claims. *Id.* at *14. This failure to lay out and address each of the elements is enough on its own to require a denial of this motion. *See Hotel 71 Mezz Lender*, 778 F.3d at 601. Nonetheless, the Court will address the arguments put forth in relation to both a claim of false advertising and a claim of false association resulting from Defendants' use of the UL certification mark and the FM approved mark.

### A. False Advertising

The Lanham Act creates liability for any person who uses a false or misleading description of fact in commerce that "misrepresents the nature, characteristics, [or] qualities" of their goods. 15 U.S.C. § 1125(a)(1)(B). To establish such a claim, FireBlok must establish each of the following requirements:

(1) Defendants made a false statement of fact in a commercial advertisement about the Firestop Box Insert;

(2) Defendants' statements actually deceived or has the tendency to deceive a

substantial segment of their audience;

(3) The deception is material, in that it is likely to influence the purchasing decision;

(4) Defendants caused their false statement to enter interstate commerce; and

(5) FireBlok has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to Defendants or by a loss of goodwill associated with its products.

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

As to the first element, a plaintiff has two options for proving a statement's falsity. One option is for the plaintiff to show that the statement is literally false. *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1088-89 (7th Cir. 1994). If, on the other hand, the statement is literally true or ambiguous, then the plaintiff must demonstrate that the statement is misleading, by establishing that actual customers have been misled. *Id.* at 1089.

To determine if a statement is literally false, two questions must be answered: (1) what is the message that is being conveyed to the customer, and (2) is that message false. *See Wing Enterprises, Inc. v. Tricam Industries, Inc.*, 511 F.Supp.3d 957, 967 (D. Minn. Jan. 7, 2021). "'[L]iterally' must be understood in the common colloquial sense in which Americans (not realizing, or perhaps not caring, that they are making Fowler turn in his grave) say things like 'I am literally out of my mind.' A 'literal' falsehood is bald-faced, egregious, undeniable, over the top." *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512-13 (7th

7

Cir. 2009). Thus, both of these questions are fact intensive and require consideration of the context in which the statements are made.

FireBlok claims that Defendants' use of the UL certification mark and their use of the FM approved mark constitute literally false statements because Defendants withdrew their certifications with both certifying bodies. Dkt. 330, at *8, 10-11. Defendants argue that both marks were not literally false. In their view, the Firestop Box Insert was, in fact, UL certified as shown by UL's continued listing of Hilti's product as a UL certified product and UL's lack of adverse actions against Defendants for their use of the UL certified mark. Dkt. 334, at *9. Defendants also argue that their use of the FM approved mark was not literally false as FM continued to conduct routine inspections of the manufacturing process, issued Certificates of Compliance, and continued listing the Firestop Box Insert as an FM Approved product. *Id.* at *10. This is a genuine factual dispute that prevents summary judgment in favor of FireBlok.

At the heart of the dispute is what Defendants' use of the UL certified mark and the FM approved mark on the Firestop Box Insert means. A jury considering the meaning of these words from the perspective of "any linguistically competent person," might believe these statements to mean that the Firestop Box Insert met the safety requirements set by UL and FM, in which case the statement would be true. *Schering-Plough Healthcare Products, Inc.*, 586 F.3d at 513. A jury could certainly also reasonably interpret these statements to mean that Defendants were authorized to use these marks on their product, in which case a genuine dispute still remains.

8

Because failing to establish even one element is dispositive of FireBlok's motion, summary judgment must be denied on this basis.

As for the deception element, FireBlok relies on precedent establishing that evidence of customer confusion is not necessary when the challenged statement is literally false. Dkt. 330, at *12-13 (citing *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 382 (7th Cir. 2018)). Although true, this ability to essentially skip this element is of course predicated on FireBlok showing the challenged statements to be literally false. As discussed above, a genuine dispute of material fact remains as to the literal falsity of the statements and FireBlok provides no evidence even suggesting any customer deception.

FireBlok attempts to argue that it established this element even without assuming literal falsity in response to Defendants' analysis of the *Uncommon* factors. Dkt. 336, at *9-11. However, in making this argument, the parties both confuse the two Lanham Act claims. FireBlok and Defendants list and analyze the factors for likelihood of confusion that are applicable to false association claims rather than the test used for false advertising claims. Dkt. 334, at *10-11; Dkt. 336, at *9-11. These factors cited by the parties are used to determine "whether consumers who might use either product would likely attribute them to a single source." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019). This type of "attribution" is consistent with a false association claim, but a false advertising claim requires a showing of deception about the product itself. *See L.S. Heath & Son, Inc. v. AT & T Info. Syst., Inc.*, 9 F.3d 561, 571 (7th Cir. 1993) (explaining that false association concerns "the

9

wrongful use of another's distinctive mark" whereas false advertising concerns "the qualities of goods").

Rather than applying these false association confusion factors, FireBlok must show "that the statement[s] implicitly convey[] a false impression, [are] misleading in context, or likely to deceive consumers." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 479 (7th Cir. 2020) (citing *Hot Wax*, 191 F.3d at 819) (internal quotation marks omitted). This is a highly factual inquiry that "is not for the judge to determine, based solely upon his or her own intuitive reaction, whether the advertisement is deceptive," and thus should, in most situations, be left to the jury to decide. *Id.* (citing *Johnson & Johnson v. Merck Consumer Pharmaceuticals*, 960 F.2d 294, 297-98 (2nd Cir. 1992)). As FireBlok did not even attempt to argue the marks convey a false impression or deceives consumers, it has certainly not met the high burden required of this element.

Even assuming the statements did deceive consumers, FireBlok has also failed to show that the deception was material to the customers' decisions. A claim of false advertising requires a showing that the falsities or misrepresentations were "'material' in the sense that it would have some effect on consumers' purchasing decision." J. Thomas McCarthy, *4 McCarthy on Trademarks and Unfair Competition* § 27:35 (4th ed. 1997). Despite this requirement, FireBlok simply alleges that "[t]hese *materially* false statements satisfy the first prong of the false designation analysis." Dkt. 330, at *11 (emphasis added). Not only does FireBlok provide no support for this allegation of materiality, but it is also only brought up in relation to the false

10

association analysis which, as discussed above, is wholly separate from the false advertising claim. This motion then must be denied on this basis as well.

As to the fourth element, the parties do not dispute that Defendants put the Firestop Box Insert into interstate commerce with the allegedly false statements. Satisfying one element of a claim, however, does not warrant granting summary judgment.

Finally, FireBlok did not point to evidence of, nor did it even assert, that it was injured in its motion. In response to Defendants' argument relating to injury, FireBlok first argues that its injury is "self-evident" by the very nature of the parties' competitive relationship. Dkt. 336, at *2. However, FireBlok provides no case law in support of this assertion.[2] To make a showing of injury, FireBlok then goes on to point to contested facts that allegedly support the existence of an injury. *Id.* at *3-7. Again, a motion for summary judgment will only be granted when supported by facts that *cannot* be genuinely contested. Fed. R. Civ. P. 56(a). Even considering the arguments put forth in its reply, FireBlok has not met its burden of establishing the absence of a genuine issue of material fact related to its alleged injury. Thus, FireBlok's motion for summary judgment must be denied as to the false advertising claim.

## B. False Association

The Lanham Act also creates liability when a defendant makes a false statement about their product suggesting association with or approval by another person. To establish such a claim, FireBlok must show that Defendants:

---

[2] The Court does not appreciate FireBlok's attempt to use one statement made by the Court to create a completely new presumption of injury out of whole cloth.

(1) used in commerce

(2) a false or misleading description or representation of fact

(3) which is likely to cause confusion or mistake, or to deceive, as to the approval of the Firestop Box Insert by UL and FM.

15 U.S.C. § 1125(a)(1)(A).

As discussed above, the parties do not dispute that these challenged statements were put into interstate commerce by Defendants. However, FireBlok must establish all three elements to warrant granting its summary judgment motion.

As to the second element, the discussion above explains that FireBlok has failed to establish literal falsity. But this element simply requires a false *or* misleading fact. *Id.* Thus, without establishing literal falsity, FireBlok could still satisfy this element with a showing "that the statement is misleading in context, as demonstrated by actual consumer confusion." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971-71 (7th Cir. 1999) (internal citations and quotation marks omitted); *see also* Seventh Circuit Pattern Instruction 13.3.1 ("A statement is misleading if it conveys a false impression and actually misleads a consumer."). FireBlok has pointed to no such confusion. For this reason alone, the summary judgment motion on the false association claim must be denied.

Finally, as to requiring the likelihood of confusion, FireBlok argues that it is not required to provide any evidence because the statements are literally false. Dkt. 330, at *12. Defendants argue that this presumption only applies to false advertising claims and has no applicability in false association claims. Dkt. 334, at *10. In reply,

12

FireBlok points to Defendants' lack of any binding case law that supports this assertion. Dkt. 336, at *8-9. However, both cases cited by FireBlok to support this presumption of confusion did so in the context of false advertising, not false association. *See Eli Lilly*, 893 F.3d at 382; *Hot Wax*, 191 F.3d at 820 (both applying the literal falsity presumption to a false advertising claim). With no case law specifically applying this presumption to a false association claim, the Court is unconvinced, especially when FireBlok bears the burden. Even assuming this presumption applied to false association claims, this factor still has not been sufficiently established. As discussed above, this literal falsity remains a question of fact and thus cannot take away the need for FireBlok to provide evidence of this element.

FireBlok also analyzes the confusion factors irrespective of the literal falsity presumption in its reply. Dkt. 336, at *9-11. However, likelihood of confusion "is a question of fact, appropriate for summary-judgment resolution only if no reasonable factfinder could decide for" Defendants. *Uncommon*, 926 F.3d at 425. There is enough evidence in the record concerning the sophistication of the consumers, Defendants' intent in using these marks, and lack of actual confusion so that a reasonable factfinder could certainly find in Defendants' favor on this issue and determine that consumers are not likely to be confused about UL and FM's approval of the Firestop Box Insert. Thus, FireBlok's motion for summary judgment on its false association claim must be denied.

## CONCLUSION

For the foregoing reasons, FireBlok's motion for summary judgment is denied.

Entered: June 2, 2025　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　　　　U.S. District Judge